COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, William Putnam, Claimant.

By Gen. Sts. *c.* 120, § 36, trial justices have jurisdiction of complaints under Gen. Sts. *c.* 86, § 42, for warrants of search for intoxicating liquors.

A warrant of search for intoxicating liquors under Gen. Sts. *c.* 86, § 42, was, by virtue of St. 1865, *c.* 249, § 2, addressed to "the constable of the Commonwealth or either of his deputies." The officer who served it subscribed his return as "deputy state constable." *Held*, that this was a sufficient description of himself as a deputy of the constable of the Commonwealth.

A complaint under Gen. Sts. *c.* 86, § 42, for a warrant of search for intoxicating liquors, and the warrant issued thereon, described the liquors intended to be seized as certain quantities of rum, gin, brandy, whiskey, strong beer, ale and wine, "being about and not exceeding five hundred gallons" each. The officer in his return certified that by virtue of the warrant he had searched the premises described and seized therein "the liquors described in the within warrant, to wit: about one hundred and twenty-five gallons of whiskey, about forty-nine gallons of gin, about fifty-seven gallons of rum, and about twelve gallons of wine." *Held*, that the description in the warrant of the liquors intended to be seized was sufficient, and that the variation between the quantities set forth in the complaint and warrant and those seized was not a sufficient cause for dismissal of the complaint.

Commonwealth *v.* Intoxicating Liquors, Putnam, claimant.

A complaint under Gen. Sts. *c.* 86, § 42, for a warrant of search for intoxicating liquors described the tenement where it was alleged that the liquors were kept, as " a certain building situate in Wendell, at Wendell Depot so called, kept as a store by William Putnam." The warrant issued thereon described it as " a certain building situated in said Wendell, at Wendell Depot (so called) kept in a store by William Putnam." *Held,* that this variation did not invalidate the warrant.

A search warrant under Gen. Sts. *c.* 86, § 42, directing the officer to " make due return " thereof, may be rightfully returned before the trial justice who issued it, although such justice resides in a town other than that where the liquor to be searched for is alleged to be kept or deposited.

COMPLAINT under Gen Sts. *c.* 86 for a search warrant for certain intoxicating liquors alleged to be unlawfully kept and deposited in " a certain building situate in Wendell, at Wendell Depot so called, kept as a store by William Putnam."

This complaint was addressed to a trial justice within and for the county of Franklin, and described the liquors to be searched for as certain quantities of rum, gin, brandy, whiskey, strong beer, ale and wine, " being about and not exceeding five hundred gallons " each. The warrant issued thereon was addressed " to the constable of the Commonwealth or either of his deputies, the sheriff of our county of Franklin or either of his deputies, or any constable of the town of Wendell in said county," described the tenement to be searched as " a certain building situated in said Wendell at Wendell Depot (so called) kept in a store by William Putnam," and described the liquors intended to be seized in the same manner as they were described in the complaint, and directed the officer to " make due return of this warrant." It was in fact returned at Greenfield before the trial justice who issued it, by Sylvester N. Whitney, who subscribed himself in his return as " deputy state constable," and certified that " by virtue of the within precept " he had searched " the within described premises " and seized therein " the liquors described in the within warrant, with the vessels in which they are contained, to wit: about one hundred and twenty-five gallons of whiskey in five barrels, one jug and two bottles ; about forty-nine gallons of gin in one barrel, one keg, two demijohns, one jug and two bottles ; about fifty-seven gallons of rum in two barrels, three jugs, one keg and two bottles ; about twelve gallons of wine in one barrel." At the trial in the superior court, Putnam

appeared as claimant, and moved that the complaint be dis-missed, alleging the following reasons :

1. Because no trial justice has any jurisdiction of such cases ; 2, because the officer who served and returned the warrant had no authority by law to serve the same or search for and seize any property ; 3, because the descriptions of liquors to be searched for and seized are not particular, and the quantities in the complaint do not at all correspond with the quantities seized on the warrant ; 4, because the complaint avers that certain liquors were deposited in a building kept as a store by Putnam, while the warrant avers that certain liquors were deposited in a building kept in a store by Putnam ; 5, because it does not appear in any part of the record that the complainants have been summoned to appear as witnesses; 6, because there is no direction in the warrant to the officer to make a return before the same or some other justice of the peace, or police court in the place where the liquor is alleged to be deposited or kept, and the return of the officer is not made to any such court or justice, but to the trial justice in Greenfield, where the liquors are not alleged to be kept or deposited.

This motion was overruled, and a judgment of forfeiture was entered, from which the claimant appealed to this court.

*G. Sennott,* for the claimant.

*C. Allen,* Attorney General, for the Commonwealth. 1. The Gen. Sts. *c.* 86, § 42, provide that the complaint may be before " a justice of the peace or police court," and " such justice shall issue a warrant of search." By Gen. Sts. *c.* 120, § 36, it is provided that " when any criminal jurisdiction is given to justices of the peace it shall be construed to mean trial justices." The jurisdiction as to seizures of liquor is in the nature of criminal jurisdiction. *Commonwealth* v. *Intoxicating Liquors,* 13 Allen, 54; *Commonwealth* v. *Intoxicating Liquors,* 14 Gray, 375. *Commonwealth* v. *Intoxicating Liquors,* 13 Allen, 561. 2. By St. 1865, *c.* 249, § 2, the " constable of the Commonwealth " and his deputies have all common law and statutory powers of con-stables, except service of civil process. By Gen. Sts. *c.* 86, § 42, this process might have been served by a constable. The phrases

"state constable" and "deputy state constable" are equivalent to "constable of the Commonwealth" and "deputy constable of the Commonwealth," and are in common use therefor by legislators, state officers, judges, eminent counsel and other learned men. The act creating the office of the constable of the Commonwealth and authorizing the appointment of his deputies (St. 1865, *c.* 249) is entitled "An act to establish a State Police." The word "State" is in common use for "Commonwealth," and cannot be misunderstood. 3. The description of the liquors was sufficient. *Commonwealth* v. *Intoxicating Liquors*, 13 Allen, 52, 58. *Downing* v. *Porter*, 8 Gray, 539. 4. The variation in description of the place is immaterial. The warrant sufficiently identifies the place to be searched as the same place mentioned in the complaint, and this is all that is necessary. 8 Gray, 540. 13 Allen, 52. *Commonwealth* v. *Intoxicating Liquors*, 6 Allen, 599. 5. It was not necessary to summon the complainants as witnesses. 6. The direction in the warrant was in the form enacted by Gen. Sts. *c.* 86, § 63, to "make due return" thereof. The Gen. Sts. *c.* 86, § 42, provide that the officer shall return the warrant, with his doings thereon, "to the same or some other justice or police court in the place where such liquor is alleged to be kept or deposited." The officer did make return of the warrant to the same trial justice who issued it. If the warrant is returned before a police court, it should be before a police court in the place where the liquor was kept; but if there is no police court in that place, then it may properly be returned before a trial justice. Gen. Sts. *c.* 120, §§ 36, 37.

CHAPMAN, J. No arguments or authorities are presented on behalf of the claimant, and on looking into the alleged grounds of his motion to dismiss the complaint, we cannot see that any of them are tenable. Some of them are met by the decisions referred to in the brief of the attorney general, and by *Commonwealth* v. *Intoxicating Liquors, ante,* 62, and others by the plain provisions of the statutes.      *Exceptions overruled.*