## COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Frederick Johnson & another, claimants.

The twenty-four hours within which, by the Gen. Sts. *c.* 86, §§ 46, 54, notice must issue to the alleged keeper of intoxicating liquors seized on a warrant of search under § 42, are hours exclusive of the Lord's day.

By St. 1865, *c.* 249, § 2, deputies of the constable of the Commonwealth are authorized to serve warrants of search for intoxicating liquors issued under the Gen. Sts. *c.* 86, § 42; and also warrants for the service of notice issued under §§ 46, 54.

In a complaint under the Gen. Sts. *c.* 86, § 42, to the "municipal court of the city of Boston" for a warrant of search for intoxicating liquors, the addition of the words "for the transaction of criminal business" is not a misdescription of the style of the court.

COMPLAINT under the Gen. Sts. *c.* 86, § 42, addressed "to the justices of the municipal court of the city of Boston holden at said Boston for the transaction of criminal business," for a warrant of search for certain intoxicating liquors, and complaining against Frederick Johnson and Alonzo Johnson as keepers thereof. This was received and sworn to on Saturday, January 12, 1867, and the warrant was issued and the liquors were seized on the same day, the court being described in the warrant in the words quoted from the complaint. On Monday, January 14, (the value of the liquors being, in the opinion of the court, more than twenty dollars,) notice was issued to the alleged keepers, in the form usual under the Gen. Sts. *c.* 86, § 54, returnable to the superior court. The warrant for the search and seizure, and also the warrant for the service of this notice, were both addressed " to the constable of the Commonwealth or either of his deputies," among other officers, and were served by a deputy of the constable of the Commonwealth.

In the superior court *G. Sennott*, entering a special appearance for the claimants for the purpose, filed a motion to dismiss the complaint, alleging, for reasons, 1. that under the provisions of the Gen. Sts. *c* 86, §§ 46, 54, the notice should have been issued within the twenty-four hours next after the seizure, and citing, to that point, *Pearce* v. *Atwood*, 13 Mass. 347 ; 2.

*A. F. L. Norris*, for the claimant, and *C. Allen*, Attorney General, for the Commonwealth.

that neither warrant was served by an officer having authority therefor; and 3. that the warrant of search was made returnable to a pretended court, there being no court established by law as the "municipal court of the city of Boston for the transaction of criminal business." The motion also made certain allegations in behalf of one Patrick Welsh.

This motion was overruled by the presiding judge; and, the case proceeding to trial, a judgment of forfeiture was entered against the liquors seized; and thereupon the claimants appealed from the ruling of the judge upon the above recited motion.

In the papers transmitted to this court there was no mention whatever of Patrick Welsh, except in the motion to dismiss the complaint.

At the hearing in this court no counsel appeared for the claimants.

*C. Allen*, Attorney General, for the Commonwealth, submitted the case without argument.

FOSTER, J. 1. The objection that the notice was not issued within twenty-four hours after the search and seizure cannot prevail. If Sunday be excluded it was issued within twenty-four hours. And Sunday is not ordinarily to be reckoned in computing the time within which an act is to be done where the time limited is less than a week. *Thayer* v. *Felt*, 4 Pick. 354. *Penniman* v. *Cole*, 8 Met. 496. *McIniffe* v. *Wheelock*, 1 Gray, 603. The issuing of notice and service of process on Sunday were not required by the fact that criminal process may lawfully issue on that day.

Another answer to this and the other objections to the notice is found in the provision of the Gen. Sts. *c.* 86, § 48, by which "if, at the time appointed for trial, said notice has not been duly served, or other sufficient cause appears, the trial may be postponed to some other day and place and such further notice issued as shall supply any defect in the previous notice, and time and opportunity for trial and defence shall be given to persons interested." Of course, the proceedings cannot be quashed in a case where the claimants have had actual notice

and appeared generally, and assign defects in the notice and its mode of service, together with other objections to the validity of the proceedings united in one general motion to quash. Defects in the notice or its service should have been specially pointed out, without a general appearance, as a cause for postponement and the giving of further notice as provided for in the section quoted above.

2. Deputy constables of the Commonwealth were authorized to serve the notice and warrant. St. 1865, *c.* 249, § 2.

3. The addition of the words " for the transaction of criminal business," is not a misdescription of the style of the municipal court. They may be rejected as surplusage; or, more properly, are to be regarded as indicating that the proceedings were to be entered at the term of the court for criminal business. St. 1866, *c.* 279, § 11.

4. We find nothing on the record to sustain the separate objections assigned on behalf of Patrick Welsh.

*Appeal dismissed.*