## COMMONWEALTH vs. INTOXICATING LIQUORS, Lawrence Henry, claimant.

In a complaint under the St. of 1869, c. 415, § 44, an averment "that intoxicating liquors," describing several kinds, "were, and still are, kept and deposited by J. S. of W. in a certain grocery store, dwelling-house, and the cellar under the same, together with the outbuildings contained within the curtilage thereof, there situate, on the southeasterly corner of S. and C. Streets," sufficiently describes the place in which the liquors are kept and deposited.

The certificate or jurat to a complaint, under the St. of 1869, c. 415, § 44, need not contain an averment that probable cause has been shown for the issuing of the warrant, and the warrant is not fatally defective because such averment is inserted at the end of the directions therein, or even in the teste thereof.

In a complaint under the St. of 1869, c. 415, § 44, an averment that certain liquor kept by J. S. is intended by him for sale in the Commonwealth, J. S. not being authorized to manufacture, keep for sale or sell the same in the Commonwealth, sufficiently alleges that the liquor was intended for sale in violation of law.

If a complaint under the St. of 1869, c. 415, § 44, contains an affidavit by one of the complainants that he has reason to believe and does believe that intoxicating liquor has been sold in a dwelling-house by the occupant within one month before the date of the complaint, neither the complaint nor the warrant need contain an averment that a place of common resort is kept in the house.

A claimant of intoxicating liquor seized on a complaint under the St. of 1869, c. 415, § 44, cannot dispute the regularity of the notice to appear and oppose its forfeiture, if he has in fact received notice, and has appeared generally.

At the trial of a complaint, under the St. of 1869, c. 415, § 44, upon which intoxicating liquors have been seized, the jury are warranted in finding that the liquors seized were the liquors described in the complaint, although the officer who made both the complaint and the seizure testifies that at the time of making the complaint he had no knowledge of the quantity, kinds or packages of the liquors.

COMPLAINT by Charles N. Hair and Edward J. Russell to the Municipal Court of the city of Worcester, alleging " that they have reason to believe, and do believe, that intoxicating liquors, to wit, a certain quantity of whiskey, being about and not exceeding five hundred gallons ; a certain quantity of rum, being about and not exceeding five hundred gallons ; a certain quantity of gin, being about and not exceeding five hundred gallons ; a certain quantity of wine, being about and not exceeding one hundred gallons ; a certain quantity of brandy, being about and not exceeding one hundred gallons, on the twelfth day of October in the year eighteen hundred and seventy, were, and still are, kept and deposited by Lawrence Henry, of said Worcester, in a certain grocery store, dwelling-house, and the cellar under the same, together with the outbuildings contained within the curtilage thereof, there situate, on the southeasterly corner of Shrewsbury and Cross Streets, and occupied by said Henry, a place of common resort being then kept therein ; and which liquors are intended by said Henry for sale in said Commonwealth, said Henry not being then and there authorized to manufacture, keep for sale, or sell the same in said Commonwealth. And said complainants pray for a warrant to search the premises described as aforesaid, for said liquors, and that the same may be declared to be forfeited ; and that said Henry and all other persons claiming an interest in said liquors may be summoned to appear before said court, to show cause, if any they have, why said liquors should not be declared forfeited. And I, Charles N. Hair, one of the above named complainants, on oath, say that I have reason to believe, and do believe, that intoxicating liquor, such as is above mentioned, has been sold in the house above mentioned by the occupant of said house, and with the consent and permission of the occupant of said house, contrary to law, within one month next before this day, and that said liquor above mentioned is now kept in said house for sale by said Henry contrary to law ; and my belief aforesaid is founded on the following facts and circumstances : I have been reliably informed that intoxicating liquor has been sold from said house within thirty days next before the receiving of this complaint. C. N. Hair, E. J. Russell, complain-

ants. Worcester, ss. Received and sworn to this twelth day of October, in the year of our Lord one thousand eight hundred and seventy, before said court.   C. Jillson, Clerk."

The warrant issued on this complaint recited the allegations of the complaint and of Hair's affidavit, and directed the officers to search the premises, to seize the liquors if found, and "to summon the complainants as witnesses to testify what they know in relation to the subject matter of the said complaint, probable cause having been shown for the issuing of this warrant.   Herein fail not, and make due return of this warrant with your doings thereon. Witness, Hartley Williams, Esq., at Worcester, this twelfth day of October, in the year of our Lord one thousand eight hundred and seventy.   C. Jillson, Clerk."   Liquor was seized on the premises, and notice was issued, directing Henry and all persons claiming the liquor which had been seized "at the store and cellar of said Henry in said Worcester," to appear in the Superior Court.   This notice was ordered to be served by delivering a copy to Henry, by posting up "another copy on a certain grocery store and the cellar under the same, there situate, on the southeasterly corner of Shrewsbury and Cross Streets," and by publication in a newspaper.

In the Superior Court, Henry appeared to claim the liquors, and moved that the proceedings be dismissed and the liquors returned, because the complaint was fatally defective in including more buildings than one in the same without a sufficient designation of buildings or places and of kinds of liquors deposited and kept therein; because it did not appear that there was probable cause to believe the complaint to be true by the court issuing the same; because the warrant did not allege that probable cause had been shown for the issuing thereof, and was otherwise insufficient and defective; because there was no sufficient recital or allegation in the complaint and warrant of the facts and circumstances on which the belief of one of the complainants was founded, to warrant the search of a dwelling-house; because the complaint did not allege the intent of any one to sell the liquors contrary to the provisions of the St. of 1869, *c.* 415; because the complaint did not particularly designate the building, structures and places to

be searched; oecause it did not appear by the complaint that a tavern, store, grocery, eating-house or place of common resort was kept in said dwelling-house; because the notice contained no sufficient designation of the places alleged to have been searched and of the liquors alleged to have been seized; and because it did not appear that a copy of the notice was posted on either of the places directed to be searched; but *Rockwell,* J., overruled the motion.

At the trial, Hair testified to making the seizure, and on cross examination testified that he had no knowledge of any liquors being in the place searched at the time of making the complaint, except that he knew it was a liquor store and that business was carried on there; that he had no knowledge of the quantity, kinds or packages of liquors, or whether there was one or more barrels, at the time of making the complaint.

Upon this evidence the claimant requested the judge to instruct the jury that there was not evidence to warrant them in finding that the specific liquors complained against had been seized or taken away in this proceeding. The judge declined so to instruct them, and instructed them that there was evidence for their consideration, and it was for them to say whether the liquors seized were the liquors complained against. The jury returned a verdict that "the liquors described in the complaint and warrant, and seized on the warrant, at the time of making the complaint, were owned and kept in the premises described in the complaint and warrant for the purpose of being sold" in violation of the St. of 1869, *c.* 415. The defendant alleged exceptions.

*W. A. Williams,* for the claimant.

*C. R. Train,* Attorney General, for the Commonwealth.

MORTON, J. We are unable to see, in the numerous questions raised in this case, any reason for quashing the proceedings or disturbing the verdict.

1. The complaint sufficiently describes the buildings to be searched and the liquor kept therein. The words "there situate" in the description of the buildings refer to Worcester, and thus fix the location of the buildings to be in the county of Worcester.

2. It is not necessary that the certificate or jurat annexed to the complaint should contain the allegation that probable cause has been shown for the issuing of the warrant. Although the form provided in section 66 contains such allegation, yet that section provides that it " shall not be so construed as to prohibit the use of other suitable forms." St. 1869, *c.* 415, § 66. If it appears to the court or magistrate to whom the complaint is made that there is probable cause to believe the complaint to be true, and the warrant contains the allegation required by section 46, it is sufficient.

3. The warrant must contain the allegation " that probable cause has been shown for the issuing thereof." St. 1869, *c.* 415, § 46. *Commonwealth* v. *Intoxicating Liquors,* 105 Mass. 178. The warrant in the case before us contains this allegation. The mode of the allegation differs from the form provided in section 66, and is not to be commended. But the substantive allegation required by the statute is made upon the face of the warrant, and we do not think there is such an essential defect as requires us to quash the warrant.

4. There is a sufficient allegation that the liquors were intended for sale in violation of law. *Commonwealth* v. *Hill,* 4 Allen, 593.

5. The premises to be searched are described in the complaint and warrant as " a certain grocery store, dwelling-house, and the cellar under the same, together with the outbuildings contained within the curtilage thereof, there situate, to wit, on the southeasterly corner of Shrewsbury and Cross Streets, and occupied by said Henry, a place of common resort being then kept therein." The claimant contends that the word " therein " refers to the outbuildings, that there is no allegation that a place of common resort is kept in the dwelling-house, and therefore that the warrant is fatally defective. But the whole allegation as to a place of common resort may be rejected as surplusage ; it is therefore immaterial whether it refers to the dwelling-house or the outbuildings. The complaint contains the affidavit of one of the complainants required by section 45, that he has reason to believe and does believe that liquor has been sold in the dwelling-house within one month contrary to law. The warrant therefore might issue for

the search of the dwelling-house, though no place of common resort was kept therein. *Commonwealth* v. *Intoxicating Liquors*, 108 Mass. 19. The allegation that a place of common resort was kept therein, whether it refers to the dwelling-house or the outbuildings, is an immaterial and superfluous allegation, and does not vitiate the warrant.

6. The notice and the service thereof seem to be sufficient. If .t were otherwise, it would furnish no ground for quashing the proceedings, the claimant having been notified in fact, and having appeared generally. *Commonwealth* v. *Intoxicating Liquors*, 97 Mass. 601.

7. The presiding judge properly left it to the jury to determine whether the liquors seized were the liquors described in the complaint. *Exceptions overruled.**

---

* At the same time and by the same counsel were argued

COMMONWEALTH *vs.* INTOXICATING LIQUORS, Jeremiah Foley, claimant.
SAME *vs.* SAME, same claimant.

THE facts in these two cases were similar in all respects to those of the case reported in the text, except that in the first of the two there was no allegation in the body of the warrant that probable cause for its issue had been shown; but in the teste, just before the signature of the clerk, were these words, " probable cause having been shown for issuing this warrant."

MORTON, J. All the questions raised in these cases are decided in *Commonwealth* v. *Intoxicating Liquors, supra*. In the first of these two cases the mode of the allegation in the warrant, that probable cause has been shown for the issuing of the warrant, is more objectionable than in that case, but we do not think that the defect is so vital as to require us to quash the proceedings. *Exceptions overruled.*