COMMONWEALTH *vs.* INTOXICATING LIQUORS, Joseph Chase & another, claimants.

In a complaint and warrant under St. 1869, *c.* 415, § 44, for the search for and seizure of intoxicating liquors, the place of residence of a complainant is sufficiently designated by setting forth the county in which he lives.

In a complaint and warrant under St. 1869, *c.* 415, § 44, for the search for and seizure of intoxicating liquors, the place to be searched is sufficiently described as "a certain grocery store, the cellar under the same, and the premises there situate, to wit, on the easterly side of Main Street and numbered 375 on said street, in the city of Worcester, in said county, and occupied by " A., although the grocery store and cellar which only are occupied by A., are in a block of four stories, and two other rooms in the first story bearing other numbers are occupied as stores by other persons.

In a complaint and warrant under St. 1869, *c.* 415, § 44, for the search for and seizure of intoxicating liquors, the liquors alleged to be kept for sale are sufficiently described as follows : " Intoxicating liquors, to wit : a certain quantity of whiskey, being about, and not exceeding five hundred gallons ; a certain quantity of gin, being about, and not exceeding five hundred gallons ; a certain quantity of rum, being about, and not exceeding five hundred gallons ; a certain quantity of wine, being about, and not exceeding five hundred gallons ; a certain quantity of brandy, being about, and not exceeding five hundred gallons ; a certain quantity of ale, being about, and not exceeding five hundred gallons ; a certain quantity of porter, being about, and not exceeding five hundred gallons." And the officer's return upon the warrant is sufficient to show that the liquors seized were found in the place described in the complaint and warrant, and to identify them as the liquors there described, when it is as follows : " By virtue of this warrant, I have searched the within described premises, and have seized therein " " the liquors described in this warrant, with the vessels in which they are contained, to wit : About two hundred and ninety-five gallons of whiskey in six barrels, six demijohns, and one hun

dred and sixty-two bottles, and about sixteen gallons of gin in three demijohns and one hundred and sixteen bottles ; about eight gallons of rum in three demijohns and one jug ; about seventy-six gallons of brandy in two casks, two demijohns, and fifty-six bottles ; about one hundred and ninety-eight gallons of wine in one cask, ten demijohns, and eight hundred and seventy-two bottles ; about sixty gallons of porter in five hundred and fifty-two bottles ; about eleven gallons of ale in one hundred and thirty-two bottles."

The delivery by an officer, who has seized intoxicating liquors upon a search warrant, of a part of them to a third person claiming to own them, the delivery being made with the assent of the alleged keeper for sale, who appeared in court as claimant under proceedings for forfeiture, does not render the seizure of the remaining liquors illegal and void.

A seizure under St. 1869, *c.* 415, of intoxicating liquors is not rendered illegal and void by the fact that some liquor was seized that was not intoxicating.

This clause, " probable cause having been shown for the issuing of this warrant," inserted at the close of the sentence directing the officer to enter and search a building, contained in a warrant to search for and seize intoxicating liquors, issued under St. 1869, *c.* 415, sufficiently shows that the court made an adjudication that there was probable cause to believe that the complaint upon which the warrant issued was true, and supplies the place of an allegation to that effect in the jurat of the complaint.

The warrant to an officer to serve a notice to the person complained against, issued under St. 1869, *c.* 415, § 56, directed him to return the warrant " before the Superior Court, to be holden at Worcester, in our county of Worcester, on the second Monday of August;" the copy of the magistrate's record certified to the Superior Court recited that notice had been issued to the person complained against " to appear before the Superior Court of Worcester, in said county, on the second Monday of August next ;" but the notice itself required him "to appear before the Superior Court to be holden at Fitchburg, in said county of Worcester, on the second Monday of August next." The term of the Superior Court was held at that time, as required by law, at Fitchburg, and not at Worcester. *Held,* that the Superior Court held at Fitchburg had jurisdiction of the case.

On the trial of a complaint for the forfeiture of liquors under St. 1869, *c.* 415, a verdict that " the liquors described in the complaint and warrant and seized on the warrant, at the time of making the complaint, were owned and kept" by the claimant, "in the premises described in the complaint and warrant, for the purpose of being sold in said Commonwealth in violation of the 415th chapter of the statutes of this Commonwealth, passed in the year 1869," is sufficient to authorize the court under § 51 of that statute to render a judgment of forfeiture.

COMPLAINT under St. 1869, *c.* 415, § 44, as follows : " To the Central District Court of Worcester, in the county of Worcester, and Commonwealth of Massachusetts, James M. Drennan, of Worcester, and Samuel J. Fletcher, both of said county, and both of full age, and competent to testify, in behalf of said Commonwealth, on oath complain, that they have reason to believe, and do believe that intoxicating liquors, to wit : a certain quantity of whiskey, being about, and not exceeding five hundred gallons ; a certain quantity of gin, being about, and not exceeding five hundred gallons ; a certain quantity of rum, being about, and not

exceeding five hundred gallons; a certain quantity of wine, being about, and not exceeding five hundred gallons; a certain quantity of brandy, being about, and not exceeding five hundred gallons; a certain quantity of ale, being about, and not exceeding five hundred gallons; a certain quantity of porter, being about, and not exceeding five hundred gallons; on the twenty-fifth day of July, in the year eighteen hundred and seventy-three, were, and still are, kept and deposited by Joseph Chase and Benjamin D. Dwinnell, of said Worcester, in a certain grocery store, the cellar under the same, and the premises there situate, to wit, on the easterly side of Main Street, and numbered three hundred and seventy-five on said street, in the city of Worcester, in said county, and occupied by said Chase and Dwinnell, a place of common resort being then kept therein ; and which liquors are intended by said Chase and Dwinnell for sale in said Commonwealth, said Chase and Dwinnell not being then and there authorized to manufacture, keep for sale, or sell the same in said Commonwealth ; and said complainants pray for a warrant to search said building described as aforesaid, for said liquors, and that the same may be declared to be forfeited, and that said Chase and Dwinnell and all other persons claiming an interest in said liquors, may be summoned to appear before said court, to show cause, if any they have, why said liquors should not be declared forfeited. Jas. M. Drennan, Sam'l J. Fletcher, complainants. Worcester, ss. Received and sworn to this twenty-fifth day of July, in the year of our Lord one thousand eight hundred and seventy-three, before said court. T. S. Johnson, Clerk.'

The warrant issued on this complaint, after reciting that " James M. Drennan of Worcester and Samuel J. Fletcher, both of said county," made complaint, recited the allegations of the complaint and directed the officers to enter the premises, search for the liquors, seize them if found, and summon the complainants to testify, " probable cause having been shown for the issuing of this warrant."

The officer who served the warrant made the following return : " By virtue of this warrant, I have searched the within described premises, and have seized therein, and conveyed to a place of

safety, the liquors described in this warrant, with the vessels in which they are contained, to wit : About two hundred and ninety-five gallons of whiskey, in six barrels, six demijohns, and one hundred and sixty-two bottles, and about sixteen gallons of gin in three demijohns and one hundred and sixteen bottles ; about eight gallons of rum in three demijohns and one jug ; about seventy-six gallons of brandy in two casks, two demijohns, and fifty-six bottles ; about one hundred and ninety-eight gallons of wine in one cask, ten demijohns, and eight hundred and seventy-two bottles ; about sixty gallons of porter in five hundred and fifty-two bottles; about eleven gallons of ale in one hundred and thirty-two bottles. Jas. M. Drennan, Constable of the Commonwealth."

The material portion of the record of the District Court was as follows : " Worcester, ss. By virtue of a warrant issued upon the within complaint diligent search has been made of the within described premises ; and the within described liquors, together with the vessels containing the same, as set forth in the officer's return upon said warrant, were on the twenty-fifth day of July, in the year eighteen hundred and seventy-three, there found and seized, and together with the aforesaid warrant were returned to the Central District Court of Worcester, in said county ; and in the opinion of said court the value of said liquors, so seized, together with the vessels containing the same, does exceed twenty dollars. It was thereupon ordered by said District Court, that a notice be issued ; which said notice was duly issued on the twenty-sixth day of July, in the year eighteen hundred and seventy-three, to Joseph Chase and Benjamin D. Dwinnell and all other persons claiming an interest in the aforesaid liquors and vessels, summoning and commanding them and each of them to appear before the Superior Court of Worcester, in said county, on the second Monday of August next, then and there to show cause, if any they have, why said liquors and vessels should not be forfeited. Attest, T. S. Johnson, Clerk."

The warrant to serve the notice concluded as follows : " Hereof. ail not, and make return of this warrant, with your doings there-on, before the Superior Court to be holden at Worcester, in our

county of Worcester, on the second Monday of August, in the year eighteen hundred and seventy-three," and bore date July 26, 1873.

The notice required Chase and Dwinnell and all other persons claiming any interest in the liquor seized, " to appear before the Superior Court to be holden at Fitchburg, in said county of Worcester, on the second Monday of August next," and was dated July 26, 1873. The officer's return of the service of notice bore date July 28, 1873.

In the Superior Court Chase and Dwinnell appeared as claimants, and filed the following motion to quash : " Now before the empanelling the jury in said case come Joseph Chase and Benjamin D. Dwinnell, claimants of said liquor, and move the court to · quash and dismiss said complaint and warrant, and for grounds of this motion assign the following, to wit : 1st. The said complaint and warrant do not sufficiently describe and identify the complainants. 2d. The said complaint and warrant do not sufficiently describe the building, structure and place to be searched. 3d. The said complaint and warrant do not sufficiently describe the liquors alleged to be kept for sale. 4th. The return on said warrant does not show that the liquors seized are the same described in the warrant. 5th. The return on said warrant does not show that the liquors seized were found in the building, structure and place described in the complaint and warrant."

The court overruled the motion, and the claimants excepted.

At the trial in the same court, before *Bacon,* J., the evidence tended to show that the place where the liquor was seized was a , oom and a cellar under it, in a brick block four stories high, situated on the easterly side of Main Street in Worcester, and occupied by the claimants as a grocery store ; that there were two rooms on the first floor occupied by other parties as stores, besides the room occupied by the claimants ; that the upper stories were occupied by different parties and for various purposes ; that the door of the premises occupied by the claimants opened upon Main Street ; that over it was the number 375 ; that there was no other place numbered 375 on that street ; and that the other rooms in the same block and occupied as stores had other numbers.

At the time of the seizure, and as a part of the same transac tion, the officer seized three dozen bottles of bay water, not described in the warrant or in the return.

After the seizure had been made and the warrant returned, the officer who made it gave up to Schlesinger & Blumenthal of New York two casks of brandy, and six barrels of whiskey, and twelve cases of claret wine, which were a part of the liquors described in the warrant and seized under it, and the same were not in the custody of the officer at the time of the trial. These liquors were given up upon the representation of Schlesinger & Blumen · thal, that they belonged to them, and not to Chase and Dwinnell They were delivered up with the concurrence of the district attorney. Before the delivery, the claimants addressed a letter to the officer, containing these words, " they [referring to the liquors] are rightfully owned by the consignors Messrs. Schlesinger & Blumenthal, who marked them and intended them for E. A. Warren, but by accident they were stored in our cellar, we make and have no claim to them, and you have our full assent to deliver them to Mr. Schlesinger or Mr. Warren, or do with them as you like, we have no sort of interest or claim to them."

The claimants did not deny that the liquors, except that part of them delivered up as above, were kept by them for sale in the place where seized, but admitted that the government could prove it.

They contended and asked the court to rule that there was a variance between the allegation and proof with regard to the place to be searched, and contended and asked the court to rule that the effect of the delivering up of the liquors to Schlesinger & Blumenthal was to avoid the whole proceedings, and asked the court to direct a verdict against the government for these reasons, and also because of the unauthorized seizure by the officer of the bay water.

The court ruled against the claimants, and the jury returned the following verdict: " The jury find that the liquors described in the complaint and warrant and seized on the warrant, at the time of making the complaint were owned and kept by the said Chase & Dwinnell in the premises described in the complaint and

warrant, for the purpose of being sold in said Commonwealth in violation of the four hundred and fifteenth chapter of the statutes of this Commonwealth, passed in the year 1869, excepting the six barrels of whiskey and two casks of brandy." The claimants alleged exceptions.

*F. P. Goulding*, (*H. B. Staples* with him,) for the claimants.

*C. R. Train*, Attorney General, for the Commonwealth.

ENDICOTT, J. This case comes before us on a motion to quash, which was overruled, and also on exceptions taken at the trial. We think the motion to quash was properly overruled, and that none of the claimants' numerous exceptions can be sustained.

The complaint and warrant are not defective in failing to describe more fully the residence of Fletcher, one of the complainants. His residence was entirely immaterial upon any issue presented, and therefore need not be alleged or proved. His name and the allegation that he was of the county of Worcester were sufficient to identify him, so that he could be summoned in the warrant. *Guenther* v. *Day*, 6 Gray, 490. *Commonwealth* v. *Taylor*, *ante*, 1.

The place to be searched was designated with sufficient certainty to be identified, as required by the statute. St. 1869, *c.* 415, §§ 44, 46. It was alleged to be " a certain grocery store, the cellar under the same, and the premises there situate, to wit, on the easterly side of Main Street, and numbered 375 on said street," and occupied by the claimants. The principal objection, urged in connection with this description, is that there is a fatal variance between the allegation and the proof, it appearing in evidence that the grocery store and cellar, occupied by the claimants and numbered 375, were in a brick block four stories high, in which there were other stores and rooms occupied by other parties. A grocery store with a cellar under it may be a separate building, or a part of another building, and it is only necessary to describe the place itself, not its connections and surroundings. The description in the complaint and warrant is equally applicable to either kind of grocery store, if as part of a building it is properly designated. The proof that the store was numbered 375, and that the other stores in the same block had different

numbers, identifies and separates it from the other parts of the building, and there is no variance. *Downing* v. *Porter*, 8 Gray, 539. *Commonwealth* v. *Intoxicating Liquors*, 6 Allen, 596 ; 97 Mass. 63, 66.

The objections that the liquors are not sufficiently described, that the officer's return does not show that the liquors seized were the liquors described, or that they were found in the place described in the warrant, cannot be sustained. *Commonwealth* v. *Intoxicating Liquors*, 6 Allen, 596 ; 13 Allen, 52, 561 ; 97 Mass. 63.

The claimants at the trial asked the court to rule that the effect of delivering to Schlesinger & Blumenthal the liquors belonging to them was to annul the whole proceeding. This delivery was made upon the written representations of the claimants that they did not own those liquors, but that Schlesinger & Blumenthal did. The officer had the right to decline to seize, or having seized, had the right to deliver up liquors not named in the warrant, and not kept or deposited for sale contrary to law. The court, under the St. of 1869, *c.* 415, § 53, would upon proof have ordered the same to be delivered to the persons entitled to receive it. The effect of the letter written by the claimants was to admit a fact which justified the officer in making the delivery, of which they cannot now complain.

The point taken at the argument, that a portion of these liquors, so delivered, were included in the verdict, was not raised at the trial, or called to the attention of the presiding judge, and we have not considered it.

The claimants further contend that the seizure of the bay water rendered the whole seizure illegal, and that the officer thereby became a trespasser *ab initio*, and that a forfeiture under the statute cannot be founded on a trespass. Without considering how far in seizures of liquor under the statute, an original wrongful intent may be inferred from a subsequent act of the officer, it is very clear that upon principle the facts here cannot make the officer a trespasser *ab initio* as to the whole property seized. Where an officer under legal process seizes several separate articles, some of which he can lawfully seize and some not, the

seizure is illegal only as to those which he has no right to seize, and legal as to the others. In an early case where several barrels of beer were distrained for rent, the distrainor drew beer out of one of them, " which," said Lord Holt, " made him a trespasser *ab initio* as to that barrel only." *Dod* v. *Monger.* 6 Mod. 215. *Harvey* v. *Pocock*, 11 M. & W. 740. Taking the bay water, therefore, does not affect or invalidate the seizure of the liquors named in the warrant. *Exceptions overruled.*

Afterwards in the Superior Court the claimants moved in arrest of judgment for the following reasons :

" Because the Central District Court of Worcester received the complaint and issued the warrant of search in said case without it appearing that there was probable cause to believe the complaint to be true :

" Because the jurat of the complaint does not show or contain the averment that it appears to the court that there is probable cause to believe the complaint to be true :

" Because the notice required by the court under section 56 of chap. 415 of the Statutes of 1869 was not made returnable to the term of the Superior Court to be held in said county next after the expiration of fourteen days from the time of issuing said notice :

" Because the Superior Court in said county, held at Fitchburg on the second Monday of August, is not the court before which said notice is made returnable, and had no jurisdiction thereof, and the claimants and all other persons interested have had no legal and sufficient notice for their appearance at this court :

" Because the verdict is insufficient in law to sustain a judgment of forfeiture, in that said verdict does not find the liquors referred to therein to be intoxicating ; also in that said verdict does not find that the liquors referred to therein were kept and owned by the claimants for the purpose of being sold in this Commonwealth in violation of any specific provision of law ; and the finding in this respect also is fatally indefinite and uncertain, in that in other respects the said verdict is insufficient in law and does not find the facts in issue :

" Because the record of the Central District Court in said case transmitted to this court shows that it was ordered by said District Court, (in the opinion of the court the value of the liquors seized and vessels containing same exceeding $20,) that a notice be issued to the said Chase and said Dwinnell and all other persons claiming an interest in the said liquors and vessels, summoning and commanding them and each of them to appear before the Superior Court of Worcester, in said county, on the second Monday of August, A. D. 1873, then and there to show cause, if any they have, why said liquors and vessels should not be forfeited; and said record shows that said notice was duly issued, and the claimants say that no such court or term of court existed, and that upon this record and notice the Superior Court held at Fitchburg within and for said county on the second Monday of August, A. D. 1873, had no jurisdiction of the case and could acquire none :

" Because upon the complaint, warrant, and record and proceedings of the court below, all of which are insufficient in law, this court hath no jurisdiction in this case."

This motion was overruled by *Dewey,* J., and the claimants alleged exceptions, which were argued at September term, 1874, by

*F. P. Goulding,* for the claimants.

*C. R. Train,* Attorney General, for the Commonwealth.

ENDICOTT, J. The jurat need not contain the allegation that probable cause has been shown for issuing the warrant; and the warrant in this case does contain a sufficient allegation that probable cause for issuing has been shown. These points were decided in *Commonwealth* v. *Intoxicating Liquors,* 110 Mass. 182.

The notice required by St. 1869, *c.* 415, § 56, was issued July 26, served July 28, and was returnable before the Superior Court to be holden at Fitchburg on the second Monday of August following, which was August 11. This was the first term of the court next after the expiration of fourteen days from the time of issuing the notice. The notice being in due form, and properly served, the court holden at Fitchburg had jurisdiction. The defects in the copies of the record and the precept to the officer do

not affect the jurisdiction of the court, and are not open in arrest of judgment. If material, they could have been amended.

The verdict finds that the liquors described in the complaint, and seized on the warrant, were owned and kept in the premises as alleged in the warrant for the purpose of being sold in violation of St. 1869, *c.* 415. This identifies them as certain intoxicating liquors owned and kept for sale contrary to law, so that the court could render judgment. St. 1869, *c.* 415, § 51. *Commonwealth* v. *Blanchard*, 105 Mass. 173.

The other questions raised in the motion, not having been argued, have not been considered by the court.

*Exceptions overruled.*