COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, ZEPHRIN LUCIA, claimant.

Middlesex.    February 3, 1888. — April 6, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Complaint — Search-warrant — Description — Notice — Service.*

A complaint on the Pub. Sts. c. 100, § 30, averred that intoxicating liquors were kept by a certain person in a "hotel and barn" on the north side of a street in H., "known as the Valley House and barn in the rear thereof, next east of the bakery building, occupied in part by" a third person. The search-warrant recited in substance the averment of the complaint. *Held,* that the complaint and warrant sufficiently described the building to be searched so as to identify it.

The notice required by the Pub. Sts. c. 100, §§ 34, 35, was addressed to the person complained against as " of H.," and described the liquors as " seized in a certain building" occupied by him in " said H." A warrant directed the officer to serve this notice by posting a copy on the barn, and his return thereon recited that he posted such a copy on the barn "in the rear of the hotel," "next east of the bakery building occupied in part" by such third person, "being the same building in which the liquors" were seized. The person complained against appeared as a claimant of the liquors. *Held,* that the notice and the service thereof were sufficient.

COMPLAINT on the Pub. Sts. c. 100, § 30, to James T. Joslin, a trial justice for the county of Middlesex, alleging that, on August 29, 1887, certain intoxicating liquors were " kept and deposited by Zephrin Lucia of said Hudson, in a certain hotel and barn situate on the north side of Main Street, in Hudson Centre, known as the Valley House and barn in the rear thereof, next east of the Bakery Building, occupied in part by Geo. W. Davis, in said Hudson, and occupied by said Zephrin Lucia as a hotel and barn, having a place of common resort kept therein," for sale contrary to law. The warrant issued upon this complaint set forth that the liquors were " kept and deposited by Zephrin Lucia of said Hudson, in a certain hotel and barn situate on the north side of Main Street, in Hudson Centre, next east of the Bakery Building, so called, known as the Valley House and barn in the rear thereof, said Bakery Building occupied in part by Geo. W. Davis in said Hudson and occupied by

said Zephrin Lucia as a hotel and barn, having a place of common resort kept therein," for sale contrary to law.

Certain liquors were seized on the warrant, and a warrant to serve notice was issued, which directed the officer " to serve the annexed notice, by delivering an attested copy thereof into the hands of Zephrin Lucia of Hudson, in the county of Middlesex, or by leaving an attested copy thereof at his usual place of abode, and also by posting up another attested copy thereof on the barn in the rear of the Valley House, so called, in the centre of Hudson, on the north side of Main Street, and being the building next east of the Bakery Building, occupied in part by Geo. W. Davis, said barn being on the premises of said Lucia, and the same being the building in which the intoxicating liquors described in said notice were seized."

The notice annexed to this warrant was addressed to Zephrin Lucia, and recited that the liquors had been " seized in a certain building occupied by the said Zephrin Lucia in said Hudson," and the return of the officer upon the warrant set forth that he had served the notice, by giving in hand an attested copy thereof to " Zephrin Lucia, and on the same day posted a like attested copy thereof on the barn in rear of Valley House of said Zephrin Lucia, in the rear of the hotel of said Lucia, on the north side of Main Street, in the centre of said Hudson, next east of the Bakery Building occupied in part by Geo. W. Davis, in said Hudson, being the same building in which the liquors, and vessels containing the same, described in said precept, were seized."

In the Superior Court, on appeal, Lucia, who appeared as claimant, renewed a motion which was made before and over-ruled by the trial justice, to quash the complaint .for the reasons that " there is no sufficient, certain or definite description in said complaint and warrant of the buildings or place wherein intoxicating liquor is alleged to be illegally kept for sale " ; that " said place or buildings are alleged to be occupied in part by George W. Davis, a person other than the one who is alleged to do the illegal keeping, and the warrant as prayed for and granted authorizes a search of the premises of both " ; that " the description of said buildings and place is not the same in said complaint and warrant, but different places are described in

each "; that " the allegations in said complaint and warrant as to the place or building in which said liquors were kept, and as to the illegal keeping, are uncertain, insufficient, and ambiguous "; and that " the notice is insufficient in form, and the service thereof is bad." The motion was overruled; the liquors were adjudged to be forfeited; and the claimant appealed to this court.

*J. W. Corcoran*, for the claimant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

KNOWLTON, J. The questions of law in this case arise upon the claimant's motion to quash. It is contended that in the complaint, and also in the warrant, the description of the buildings or place wherein the intoxicating liquor was alleged to be kept was fatally defective.

By the Pub. Sts. c. 100, § 32, it is provided that the complaint and warrant in cases of this kind shall " particularly designate so as to identify the building, structure, and place to be searched." The language of the complaint, properly construed, called for a hotel and barn in the town of Hudson, occupied by Zephrin Lucia, known as the Valley House and barn in the rear thereof, situated on the north side of Main Street in Hudson Centre, next east of the bakery, which was occupied in part by George W. Davis. The allegations of the warrant in relation to the buildings, with slightly changed phraseology, were the same in substance as those of the complaint. Nothing appears to indicate that this description was not strictly accurate, and the fair inference from the record is that it perfectly identified the place to be searched. The objection to the complaint is that its grammatical construction was doubtful, and that it was ambiguous. While its language was involved, and not perspicuous, we think it had no such ambiguity as to prevent identification of the buildings and place referred to. *Commonwealth* v. *Intoxicating Liquors*, 97 Mass. 63. *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 386. *Commonwealth* v. *Intoxicating Liquors*, 109 Mass. 371, 372. *Commonwealth* v. *Intoxicating Liquors*, 113 Mass. 208. *Commonwealth* v. *Intoxicating Liquors*, 122 Mass. 36.

The warrant to serve notice to persons interested in the liquors, and the return upon it, show that the notice was prop-

erly served. The description in the notice of the place where the liquors were seized was not so definite as is desirable. But it does not appear that the claimant occupied any other building in Hudson than the hotel and barn, which were together upon the same premises, and we cannot say, as matter of law, that, as applied to the facts of this case, the notice was insufficient. Besides, it is enough as against the claimant, although not as to others, that, having had actual notice, he appeared in the case generally, and presented his claim. *Commonwealth* v. *Intoxicating Liquors*, 97 Mass. 601, 602. *Commonwealth* v. *Intoxicating Liquors*, 110 Mass. 182, 187. The motion to quash was rightly overruled.                     *Judgment affirmed.*