COMMONWEALTH *vs.* JAMES COURTNEY.

Middlesex.    November 20, 1922. — January 3, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Search. Intoxicating Liquor. Evidence,* Competency, Real evidence unlawfully procured. *Constitutional Law.*

It is proper for a judge of the Superior Court to deny a petition, presented by one complained against for conducting a liquor nuisance and for exposing and keeping intoxicating liquor for sale with intent unlawfully to sell it, that certain intoxicating liquors seized on his premises be adjudged to have been seized illegally because police officers unreasonably had exceeded the authority conferred by a search warrant authorizing their seizure and had destroyed and seized property not described in the warrant, and that the officers and the government's attorney be deprived of the use of such evidence so obtained and that it be returned to the petitioner.

At the trial of a complaint charging the defendant with conducting a liquor nuisance and with exposing and keeping intoxicating liquor for sale with intent unlawfully to sell it, it is proper to admit in evidence intoxicating liquors seized by police officers on the defendant's premises under the authority of a search warrant although in making such search and seizure the officers exceeded their authority in unreasonably destroying and seizing other property not described in the warrant; and to exclude testimony of such acts in excess of the authority conferred by the warrant, offered for the purpose of proving that the foregoing evidence was inadmissible.

The intoxicating liquors would have been admissible at the trial above described, even if they had been seized by the police officers without warrant or color of authority. Following *Commonwealth* v. *Wilkins, ante,* 356.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on April 17, 1922, in two counts, charging the defendant in the first count with keeping and maintaining a shop "by him used for the illegal sale and illegal keeping for

sale of intoxicating liquor, to the common nuisance of all the people," and in the second count with exposing and keeping for sale intoxicating liquor with intent unlawfully to sell it.

Before trial in the Superior Court on appeal, the defendant filed a petition in which he alleged in substance that certain officers of the police department of Cambridge "armed with a search warrant" entered his store "for the purpose of making a search and seizure of certain liquors and intoxicating beverages alleged to be kept and exposed for sale by the defendant; that the real purpose of this entry was, in fact, not only for the purpose of making a search and seizure, but also for the purpose of wilfully destroying the property of the defendant. And in pursuance of this plan the said police officers, and others acting under their direction, did unreasonably seize and destroy property not described in the search warrant above referred to. Said unreasonable seizure and unlawful destruction of property consisted in the destruction of certain plumbing, pipes and sinks which were connected with the water system of the city of Cambridge, and the seizure of a gas stove not described in the warrant, and the breaking off of the pipes connecting said gas stove with the pipes of the Cambridge Gas Light Company, and causing the escape of gas therefrom. Also, in the taking from the walls, certain shelves attached thereto, and the separation from the floor of certain counters attached thereto and being part of the realty; that seizure of one cash register not described in the warrant, and in the further general destruction of property of this defendant. All this in violation of the defendant's rights under the Constitution and amendments of the Commonwealth of Massachusetts, and the United States." The prayers of the petition were for an "order that the search and seizure was an unreasonable search and seizure, and that the property seized be returned to the defendant and not be held to be used as evidence against him, and the district attorney and captain of police or any other police officer or person be deprived of the use of the same as evidence in the trial concerning said unlawfully seized property."

The petition was presented to *Lawton*, J., who, having read it, subject to an exception by the defendant refused to hear evidence relating to the alleged illegal seizure and denied the prayer in the petition.

The trial then proceeded. Subject to exceptions by the defendant, the judge admitted in evidence two bottles of liquor and a sample of beer offered by the government. The defendant contended that the evidence was obtained as a result of an illegal seizure and offered at that time to present evidence of the illegal seizure and requested that he be allowed at that time to be heard by the jury on the collateral issue raised.

The defendant's offer and request were denied. He was found guilty, and alleged exceptions.

*J. P. Brennan,* for the defendant.

*R. H. Beaudreau,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. This complaint charges the defendant in one count with keeping and exposing intoxicating liquor for sale and in another count with maintaining a liquor nuisance. The defendant before the trial filed a petition for the return of property illegally seized. He there alleged that certain police officers on the date named in the complaint, being armed with a search warrant, entered his premises for the ostensible purpose of making search and seizure of intoxicating liquors, but in reality wilfully to destroy property of the defendant; and that in execution of that real purpose, they destroyed and seized property not intoxicating liquor. The prayer of the petition was that the court order that search and seizure were unreasonable, that the property seized be returned to him and that it be not used against him as evidence. This petition was denied rightly.

This is not an action against the officer and hence his liability need not be considered. There was in the petition no averment that the warrant did not authorize the seizure of the intoxicating liquor. The petition is founded on the theory that, because something not within the protection of the warrant was done by the officer serving the warrant, therefore all that was done pursuant to the direction of the warrant became tainted with such extraneous illegality. That contention is untenable. The words used with respect to a similar situation in *Commonwealth* v. *Intoxicating Liquors,* 113 Mass. 13, at page 20, are decisive of the case at bar. "It is very clear that upon principle the facts here cannot make the officer a trespasser *ab initio* as to the whole property seized. Where an officer under legal process seizes several separate articles,

some of which he can lawfully seize and some not, the seizure is illegal only as to those which he has no right to seize, and legal as to the others." This principle was reaffirmed and followed in *Commonwealth* v. *Intoxicating Liquors*, 203 Mass. 585, *Adams* v. *New York*, 192 U. S. 585.

At the trial of the complaint before the jury, there were offered in evidence intoxicating liquors, to which the defendant objected, setting forth that the evidence was obtained as a result of the illegal seizure, and requested that he be heard with evidence at that time on that collateral issue. This objection and offer of evidence we interpret as presenting in legal substance and effect the same question as that raised by the defendant's petition. For the reasons already stated there was no error in law in overruling the defendant's objection and in excluding his offered evidence.

If the objection and offer were grounded on the theory that the intoxicating liquor admitted in evidence was obtained without warrant or color of authority, then there was no error in the course taken by the trial court for the reasons stated in *Commonwealth* v. *Wilkins, ante,* 356.

*Exceptions overruled.*