COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, JOHN J. BAGLEY & another, claimants.

Middlesex.   October 21, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Intoxicating Liquors*, Search and seizure. *Practice, Criminal*, Motion to quash, Search warrant, Appeal in proceeding for search and seizure of intoxicating liquors, containers and implements of sale.

A description in a complaint under G. L. c. 138, § 61, of the owner of certain intoxicating liquors as the "Cottage Farm Garage" cannot be said, on a motion to quash the complaint, to be improper as a matter of law.

A motion to quash a complaint under G. L. c. 138, § 61, on the ground that the description of the owner of the intoxicating liquors to which it related was improper comes too late if it is made by a claimant for the first time in the Superior Court after an appeal from a district court.

Upon a complaint in a district court under G. L. c. 138, § 61, alleging that certain intoxicating liquors were being kept for illegal sale at a certain place, a warrant for search and seizure issued upon which liquor, in quantities greater than those named in the complaint and warrant, and certain vessels and a motor truck as containers were seized. Notice then was given under §§ 65, 66, and a claimant for the truck only and another for both the truck and the liquors appeared. In the Superior Court, on appeal, the claims were separately numbered and on motion by one of the claimants were separately tried. After a jury was empanelled for the trial of the claim for both the liquors and the truck, that claimant called the attention of the trial judge to the fact that more liquor had been seized than the complaint and warrant described, and thereupon all liquor in excess of that described in the complaint and warrant was ordered returned to him and he waived claim to remaining liquors.

That jury thereupon was discharged and that claimant left the court room. The other claim, which was for the truck only, then was tried and the jury found the truck to be "an implement of sale or a container in the illegal keeping or sale of said liquors." The truck then was declared forfeited. Thereafter the first claimant filed a motion in court that the truck be returned to him. The motion after hearing was denied, and he alleged exceptions. None of the evidence before the jury was contained in his bill of exceptions. *Held*, that

(1) The proceedings under the statute were *in rem*;

(2) The entire matter should have been treated as one proceeding: the claims should not have been separately numbered and there should not have been separate trials;

(3) The first claimant had had his day in court; if after his acceptance of the judgment returning certain liquors to him, he had wished to make a claim for the truck, he should have made it when the jury was empanelled for the trial of his claim: his later motion came too late;

(4) The evidence not being in the bill of exceptions, it could not be said that there was no evidence before the jury to prove that the truck was "an implement of sale or a container in the illegal keeping or sale of said liquors."

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex under G. L. c. 138, § 61, charging the illegal keeping for sale of certain intoxicating liquors by the "Cottage Farm Garage" in Cambridge and seeking a warrant for search and seizure. Search and seizure as described in the opinion occurred. In the District Court, John J. Bagley made "claim for all liquors and Reo Speed Wagon seized in the above entitled case"; William J. Hartnett claimed "the Reo truck seized in this matter by virtue of a mortgage given by the owner thereof, breach of which has occurred."

On appeal to the Superior Court, the claims were numbered separately and the proceedings which are described in the opinion occurred before *Bacon*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. John J. Bagley alleged exceptions.

*T. H. Buttimer*, for the claimant Bagley.

*A. K. Reading*, District Attorney, *& R. T. Bushnell*, Assistant District Attorney, for the Commonwealth, submitted a brief.

CROSBY, J. A complaint was made to the Third District Court of Eastern Middlesex under G. L. c. 138, § 61, alleging

that certain intoxicating liquors were kept or deposited by the "Cottage Farm Garage" in the building numbered 60 Hamilton Street, in Cambridge; it further alleged that the liquors were intended for sale in this Commonwealth contrary to law, and prayed that a search warrant issue and that the liquors be declared forfeited.   Upon this complaint a search warrant issued and thereunder certain liquors were seized, together with the vessels containing them, a Reo truck as an implement of sale or container, and certain other articles.   All persons interested in the seizure were notified to appear before the court, under G. L. c. 138, § 65.   John J. Bagley filed a claim for all the liquors and the truck, and William J. Hartnett also claimed the truck.   The claimants severally appealed from an order of the District Court ordering certain of the liquors and the truck forfeited.   The claims were given separate numbers in the Superior Court.   Upon motion of Hartnett the claims were tried separately.   Bagley and his attorney were present when this motion was presented, on November 17, 1924, and made no objection thereto.   The claims of Bagley and of Hartnett were numbered on the docket of the Superior Court 9286 and 9914 respectively.

At the trial in the Superior Court on the claim of Bagley, and before the jury was sworn, he filed a motion to quash which was denied subject to his exception.   He then directed the judge's attention to the fact that certain liquors had been seized in excess of the amount authorized by the warrant. The judge stated that the amount in excess should be returned; thereupon the claimant stated that if an order for the return of the excess liquor seized were made, he would waive his claim to the remaining liquors.   The judge then ordered that the liquors to the amount described in the warrant be forfeited, and that the excess be returned.   Thereupon the jury was discharged and Bagley and his counsel left the court room.

A jury was then empanelled to try Hartnett's claim, and the following question was submitted to them: "Was the Reo truck seized upon said warrant used, kept, or provided to be used by said Cottage Farm Garage as an implement

of sale or a container in the illegal keeping or sale of said liquors in the premises aforesaid?" The jury answered in the affirmative. As a result of the finding the court on November 19, 1924, adjudged the truck forfeited to the Commonwealth.

A week later the court rescinded its order of November 17 and entered a new order substantially the same as that previously made except that in the second it was recited that Bagley stated if an order for the return of the excess of liquors seized was made he would waive his claim to the liquors declared forfeited. On December 12, 1924, he filed a motion that the truck be returned to him, and at the hearing thereon made certain requests for rulings. The motion and requests were denied subject to his exceptions.

1. The motion to quash was based upon the contention that the owner of the liquors was improperly described in the complaint as the "Cottage Farm Garage." The statute (G. L. c. 138, § 63) provides that the warrant shall allege "the person believed to be the owner, possessor, or keeper . . ." There is nothing to show that this requirement of the statute was not complied with. An averment in a complaint that intoxicating liquors were kept for sale, by a person unknown, in violation of law is sufficient. *Commonwealth v. Certain Intoxicating Liquors,* 116 Mass. 21, 22. In that case it was said that "The prosecutor is bound to give as good a description as he can, but his ignorance of the name does not defeat the process." There is nothing in the record to show that the designation of the owner was not correct. It does not appear that the owner was not doing business under the name of Cottage Farm Garage. A shorter answer to the claimant's contention is that if the complaint and warrant were defective in the description of the owner, such a defect was merely one of form. It is too late to object in the Superior Court that a complaint originally filed in a district court is insufficient in form. G. L. c. 278, § 17. *Commonwealth v. Reid,* 175 Mass. 325, 328. *Commonwealth v. Galatta,* 228 Mass. 308, 311.

2. The motion of the claimant Bagley that the truck be ordered returned to him was rightly denied. This motion,

filed on December 12, 1924, was after the court had adjudged the truck forfeited.

G. L. c. 138, § 66, provides in part that "The notice shall contain a description of the number and kind of vessels, the quantity and kind of liquor seized, as nearly as may be, and shall state when and where they were seized" and that the notice shall be served "upon the person charged with being the keeper thereof . . . personally or at his usual place of abode, if he is an inhabitant of the Commonwealth, and by posting an attested copy on the building in which the liquor was seized, if it was found in a building; otherwise in a public place in the city or town in which the liquor was seized." The notice issued by the court and the service thereof were in conformity to the statute; besides the claimant appeared and claimed the liquors and truck. This was sufficient. *Commonwealth* v. *Intoxicating Liquors*, 110 Mass. 182, 187.

It is provided by § 64 that the officer to whom the warrant is committed shall search the premises and seize the liquors described in the warrant, the casks or other vessels in which it is contained, and all the implements of sale and furniture used or kept and provided to be used in the illegal keeping or sale of such liquor if found upon the premises.

The various provisions of the statute plainly show that this is a proceeding *in rem;* it relates to the liquors, containers and implements of sale. The question in issue was whether the truck was used as an implement of sale or container used in the illegal keeping or sale of intoxicating liquor. The issue is the same regardless of the number of claimants. It is one proceeding and should have been so treated. The claims of Hartnett and Bagley should not have been separately numbered. The motion for separate trials should have been denied, but the fact that it was allowed does not affect the result. Hartnett claimed only the truck while Bagley claimed the truck and the liquors.

When the claim of Bagley came on for trial and the jury was sworn, and he obtained an order for a release of the excess of liquors seized, if he desired to make claim to the truck, it was his duty to do so then. He had his day in court,

and could not at a later time, and after the truck had been adjudged forfeited, be further heard.

3. The contention that the truck could not be found to be an implement of sale or a container cannot be sustained. The evidence before the jury is not before us and we are unable to say that it did not justify the finding.

*Exceptions overruled.*