## Rice, et al. v. Smith, et al.

(Decided December 13, 1918.)

### Appeal from Harlan Circuit Court.

1. Vendor and Purchaser—Lien—Action—Breach of Covenant of Seizin—Pleading—Supplemental Answer—Sufficiency—Judgment—Conclusiveness.—Where in an action to enforce a vendor's lien, the purchaser pleaded a breach of the covenant of seisin and made the alleged superior title holders parties, who filed an answer disclaiming title, and judgment was rendered dismissing them from the action, it was not error to refuse to permit a supplemental answer to be filed, alleging that the superior title holders, during the pendency of the action, had conveyed title to plaintiff by an unrecorded deed, and that the purchase money had not been paid, which was a cloud on the title, since the alleged superior title holders were concluded by the judgment and the supplemental answer presented no defense.

2. Vendor and Purchaser—Lien—Action—Breach of Covenant of Seisin—Interest.—In an action to enforce a vendor's lien on real property, where the purchasers pleaded a breach of the covenant of seisin and expressed their willingness to take and pay for the property if the title was perfected, which was done, it was not error to require them to pay interest on the deferred payments where they suffered no material damage on account of the breach of the covenant, and continued in the peaceable possession of the property from the delivery of the deed.

CALVIN HURST and W. G. COLSON for appellants.

J. W. FARMER and J. S. FORESTER for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On June 29, 1912, Mary Lewis Smith and her husband conveyed a tract of land in Harlan county to Laurence K. Rice and Calvin Hurst, by deed containing a covenant of seizin. The consideration was $1,100.00 in cash and two notes for $1,700.00 each, payable respectively on January 1, 1913, and July 1, 1913, and secured by a lien on the property.

On October 2, 1913, Mary Lewis Smith and her husband brought this suit to recover on the purchase money notes, and to enforce her lien on the land. Rice and Hurst filed an answer alleging that a portion of the land was held by others under a superior title, and that there was a breach of the covenant of seizin. They further stated that they were ready, able and willing to pay the notes if the title was perfected, but that they should not be required to do so until this was done. Thereafter, the defendant filed an amended answer and counterclaim, specifying the portions of land held by others under superior title, and alleging that the land to which plaintiffs had title was not worth more than $500.00. This pleading concluded with a prayer for a judgment against plaintiff in the sum of $600.00. Subsequently they filed a third amended answer and cross-petition, alleging that John B. Lewis and John A. Creech were the owners of a portion of the land under a title superior to that of plaintiffs, and asked that they be made parties and required to answer and assert their claim. Thereafter, Lewis and Creech appeared and asserted a claim to a portion of the land. A few weeks later, however, they filed an amended answer withdrawing their former answer and disclaiming any interest in the property described in the petition. Thereafter, Rice and Hurst offered to file a supplemental answer and amended counterclaim, alleging that within the last fifteen days Lewis and Creech had sold to plaintiffs the lands described in the amended answer, that the deed was in the possession of plaintiffs and had not been recorded or lodged for record, that the conveyance was made for a valuable consideration, no part of which had been paid, and this created an additional cloud on the title of the land purchased by defendants. The court refused to permit this pleading to be filed. On final hearing, Lewis and Creech were dismissed with

judgment for their costs, and the land was ordered sold for the purpose of paying the notes and interest. Rice and Hurst appeal.

The first error assigned is the refusal of the trial court to permit the supplemental answer to be filed. It is argued that the purpose of this pleading was to bring forth the deed in order that it might be recorded and the title of record made complete. It is further argued that if, as alleged in the supplemental answer, no part of the consideration for the deed had been paid, there was necessarily a cloud on the title. It is apparent that this argument overlooks entirely the fact that Lewis and Creech had first asserted title to a portion of the land, but subsequently filed an amended answer withdrawing their former answer and disclaiming any interest in the land. This was subsequently followed by a judgment dismissing them from the action. Under these circumstances, it is immaterial whether Lewis and Creech conveyed the land by deed, or whether the consideration was paid or not. They are concluded by the judgment, and neither they nor anyone claiming through them can ever assert any interest in or lien on the land, by virtue of any title which they then held or by virtue of the alleged deed. Thus the effect of the judgment is the same as if they had conveyed by deed and the deed had been put to record, and the supplemental answer presented no defense.

But it is insisted that the defendants should not be required to pay interest except from the date when the title was perfected. The defendants did not elect to rescind for the breach of the covenant of seizin, but alleged their willingness to take and pay for the land if the title was perfected, which was done. They failed to show that they suffered any material damage from the breach of the covenant. On the contrary they had been in the peaceable possession of the property from the time the deed was delivered. That being true, there is no reason why they should not be required to pay the interest due on the deferred payments.

Judgment affirmed.