RAY SANDLOVICH ET AL., APPELLANTS, V. W. A. HAWES, APPELLEE.

FILED APRIL 16, 1925. No. 23093.

1. **Intoxicating Liquors: TRANSPORTATION: FORFEITURE OF VEHICLE.** Section 3274, Comp. St. 1922, authorizes the forfeiture of a vehicle which is used in the unlawful transportation of intoxicating liquors, when the owner of such vehicle has voluntarily placed it in the possession of the person who uses it for such unlawful purpose.

Sandlovich v. Hawes.

2. ——: ——: ——. When an automobile has been legally forfeited and sold because of its use in the unlawful transportation of intoxicating liquors, the owner thereof has no greater right to the proceeds of such sale than he had to the vehicle.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*T. S. Allen,* for appellants.

*Charles E. Matson, Max G. Towle* and *L. R. Doyle, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EVANS, JJ.

GOOD, J.

This is an action to enjoin a justice of the peace from turning over to the state school fund the proceeds of the sale of an automobile under an order of the justice court, entered pursuant to the provisions of section 3274, Comp. St. 1922. It was also sought to have the plaintiffs adjudged to be the owners and entitled to the fund arising from the sale of the automobile. From an adverse judgment, plaintiffs appeal.

Plaintiffs are engaged in the business of renting automobiles for hire, the leased vehicles to be driven by the lessees. Plaintiffs leased a Ford car to Fred Tucker, who used the car for the unlawful transportation of intoxicating liquors. Complaint was filed in justice court against Tucker and the automobile, charging unlawful transportation of intoxicants. Tucker was convicted and adjudged to pay a fine, and the vehicle was declared forfeited and ordered sold, under the provisions of section 3274, Comp. St. 1922.

Plaintiffs claim they had no notice or information that the vehicle was made a defendant and declared forfeited, until after the entry of the order of forfeiture and sale, and that they were deprived of an opportunity to be heard in court as to their property rights in the automobile. They also claim that they did not know or suspect that Tucker was intending to use the vehicle for any unlawful purpose. Plaintiffs purchased the automobile at the sale, had under

order of the court, paid into court the purchase price, and then brought this action to enjoin the justice from turning over to the state school fund the proceeds arising from the sale of the automobile.

Plaintiffs argue that the legislature, in the enactment of section 3274, *supra,* never intended to forfeit the property of innocent persons, and that under the facts shown plaintiffs are entitled to the relief demanded, and that the district court erred in denying such relief. The statute, prior to the amendment of 1919, was much less specific and drastic. Under that statute this court held, in *State v. Jones-Hansen Cadillac Co.,* 103 Neb. 353:

"In ascertaining the legislative will, it must be borne in mind that forfeitures are not favored in the law, and even this statute must not be construed to forfeit the property of innocent citizens, unless, from the statute in the light of its object and existing conditions, it is manifest that the legislature considered such forfeiture necessary for the 'preservation of the public peace, health and safety.'"

In that case, a dealer sold an automobile, received a part of the purchase price and took back a chattel mortgage for the remainder. Soon thereafter the vendee delivered the automobile to a third person, who used it in illegally transporting intoxicating liquors. The mortgagee had no knowledge that the vehicle was to be used, or allowed to be used, for any unlawful purpose, and it was decided that the mortgagee, under such circumstances, could not be deprived of his property under the statute.

After that decision the statute was amended. It is now more specific and drastic, and leaves no room for doubt as to the legislative intent to make any vehicle, used in the unlawful transportation of intoxicating liquors, subject to forfeiture, when the person so using it came into possession thereof by consent of the owner, and innocence of the owner makes no difference. Under the statute as it now exists, this court in *Robinson Cadillac Motor Car Co. v. Ratekin,* 104 Neb. 369, held that the statute (Comp. St. 1922, sec. 3274) contemplates the forfeiture of vehicles of

owners and lienors who have voluntarily parted with cars, used in the unlawful transportation of intoxicating liquors. Counsel for plaintiffs argue that our holding in that case was too broad and ask us to reconsider the ruling therein made. The question was thoroughly considered in the case referred to, and the rule was announced after mature deliberation. We see no reason for departing from or modifying the views therein expressed.

In the instant case, it appears that plaintiffs voluntarily parted with possession of their automobile for hire, and placed it in the possession of one who was using it for unlawful purposes. The automobile, while being used by plaintiffs' lessee in the unlawful transportation of intoxicating liquors, was subject to forfeiture by the state. The plaintiffs could not regain possession of the car, nor could they have prevented its being forfeited and sold. It is idle to contend that, if the car was properly forfeited, plaintiffs could reach the proceeds, arising from its sale, pursuant to the order of the court. Their right to the proceeds of the sale can be no greater than their right to the automobile.

The judgment of the district court is right and is therefore

AFFIRMED.

Note—See Intoxicating Liquors, 33 C. J. secs. 363, 397.