E. J. FITZWILLIAM COMPANY, INC. *vs.* COMMONWEALTH
& others.

Suffolk. December 6, 1926. — January 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Intoxicating Liquors*, Forfeiture of containers or implements of sale. *Motor Vehicle*, Unlawful use. *Sale*, Conditional. *Equity Pleading and Practice*, Suit against Commonwealth, Findings by judge. *Evidence*, Competency, Of judgment, Presumptions and burden of proof. *Constitutional Law*, Police power. *Commonwealth*. *Commissioner of Public Safety*.

In determining, upon the question of substantive law, a suit against the Commonwealth and the commissioner of public safety by the assignee of the vendor by conditional sale of an automobile seized in proceedings for forfeiture under G. L. c. 138, this court *stated* that the question, whether the suit properly was brought under G. L. c. 258, was not considered.

Facts may exist which would bring an automobile within the description of a container in which spirituous or intoxicating liquor is kept or deposited for sale and thus would subject it to seizure and forfeiture under the provisions of G. L. c. 138, §§ 61–74: upon an appeal in a suit in equity where there is no report of evidence, a finding that an automobile was such a container cannot as a matter of law be pronounced beyond the jurisdiction of the court.

Proceedings for the forfeiture of an automobile because of its connection with the illegal sale or keeping for sale of intoxicating liquor under G. L. c. 138, §§ 61–74, are *in rem*.

It is the essence of a proceeding *in rem* that jurisdiction is secured by the power of the court over the *res* and that, without running counter to any provision of the Federal Constitution or of the Constitution of this Commonwealth, the proceedings may be instituted and carried to judgment although there has been no personal service upon a claimant within the State or notice by name to those outside of it.

The assignee of the vendor of an automobile under a contract of conditional sale, after breach of the conditions of the contract, brought a suit in equity to establish his title and to get possession of the automobile against the vendee and against the Commonwealth and the commissioner of public safety, in whose possession the automobile was by reason of forfeiture proceedings under G. L. c. 138, §§ 61–74, as a container of intoxicating liquor illegally kept for sale. The judge who heard the suit in substance found, without a report of the evidence, that the court which declared the forfeiture had jurisdiction of the case; and he dismissed the bill as to the Commonwealth and the commissioner. The plaintiff appealed. *Held*, that

(1) The circumstances, that the plaintiff was the owner of the automobile and that he personally had committed no wrong and did not know of the forfeiture proceedings, did not entitle him to prevail;

(2) The statutory provisions as to forfeiture, G. L. c. 138, §§ 61–74, violated no provisions of the Federal Constitution or of the Constitution of this Commonwealth;

(3) It was not open to the plaintiff to question by parol evidence in a collateral attack any of the facts established by the record;

(4) So far as concerns the Constitution and statutes of this Commonwealth, the proceedings of which the plaintiff complained were in conformity with the law and violated no right of the plaintiff.

(5) The provisions of G. L. c. 138, §§ 61–74, not being repugnant to provisions of the Federal statutes touching the same subject, are valid and enforceable.

BILL IN EQUITY, filed in the Superior Court on April 5, 1926, against the Commonwealth, the commissioner of public safety, and David Oren, to establish the title of the plaintiff, as assignee of the vendor under a contract of conditional sale, to an automobile which was the subject of the sale to the defendant Oren, and to enjoin the defendants, the Commonwealth and the commissioner, from acts in derogation of that title.

In the Superior Court, the suit was heard by *Cox*, J.   The bill was taken for confessed against the defendant Oren. Material facts found by the judge without a report of the evidence are stated in the opinion.   The plaintiff asked for the following rulings:

"1. On all the evidence and the weight of the evidence, the plaintiff is entitled to a decree ordering the defendant, Commonwealth of Massachusetts, and Alfred F. Foote, commissioner of public safety, to deliver the automobile described in the plaintiff's bill to the plaintiff.

"2. On all the evidence and the weight of the evidence, the plaintiff is entitled to a decree ordering the defendant, David Oren, to pay to the plaintiff $780 with the interest thereon from November 10, 1925.

"3. That the court at Lee, Massachusetts, had no jurisdiction to order the Chrysler roadster automobile described in this complaint forfeited to the Commonwealth.

"4. That the District Court at Lee had not jurisdiction under G. L. c. 138, § 71, to order forfeited the plaintiff's automobile.

"5. An automobile is not an implement of sale within G. L. c. 138, § 71.

"6. The automobile was not intrusted by the plaintiff to Barnet Freedman for him to operate and use the same in the transportation of liquor contrary to law and the wrongdoer, Barnet Freedman, had no property in the automobile.

"7. The seizure of this automobile is repugnant to the Constitution of the United States, and the Constitution of this Commonwealth, in that, the plaintiff was the rightful owner thereof and was guilty of no wrong.

"8. The Federal prohibition act provides against forfeiture in cases like the one at bar, and if the law of this Commonwealth is in conflict with the Federal law, then the law of this Commonwealth ceases to operate in so far as it is in conflict.

"9. The sale and delivery of an automobile on condition that the property is not to vest until the purchase price is paid does not pass title.

"10. One whose chattels have been confiscated may sue in equity to establish his title for their return."

The judge gave rulings numbered 2, 6 and 9, and refused those numbered 1, 3–5, 7, 8, and 10, the tenth ruling being refused because of the facts found by him.

A final decree was entered dismissing the bill as to the defendants Commonwealth and commissioner of public safety, and ordering the defendant Oren to pay the plaintiff $809.41 and costs. The plaintiff appealed.

The case was submitted on briefs.

*A. H. Lewis*, for the plaintiff.

*J. R. Benton*, Attorney General, & *J. L. Wiseman*, Assistant Attorney General, for the Commonwealth and the commissioner of public safety.

RUGG, C.J. This is in form a suit of equitable replevin. *Homrich* v. *Robinson*, 221 Mass. 308. The defendants answered generally. The judge who heard the case made findings of fact, rulings, and an order for decree. From a final decree dismissing the bill as to two of the defendants, the plaintiff appealed.

We do not pause to consider whether this suit is properly brought under G. L. c. 258. *Nash* v. *Commonwealth*, 174 Mass. 335, 338. *Burroughs* v. *Commonwealth*, 224 Mass. 28.

*Glickman* v. *Commonwealth*, 244 Mass. 148. No question of that nature has been raised at the bar. Since the result must be the same in any event, there is no objection to stating the grounds of substantive law supporting that conclusion. *Browne* v. *Turner*, 176 Mass. 9, 12. *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 284, and cases cited.

The pertinent facts as found or admitted are that on November 10, 1925, the owner made a conditional sale contract with the defendant Oren for the sale of an automobile, there being a part payment in cash and a note for the balance of the price payable in equal monthly instalments. The contract, note, and automobile were sold to the plaintiff on the same day. Oren defaulted on the contract and the plaintiff was entitled to the possession of the automobile on December 10, 1925. On December 11, 1925, the automobile, together with one hundred seventeen gallons of alcohol, all in the possession of one Barnet Freedman, were seized by State officers and, upon proceedings in compliance with G. L. c. 138, the automobile and alcohol were forfeited to the Commonwealth and turned over to the defendant Foote, the commissioner of public safety. The plaintiff first knew of these proceedings on or about January 5, 1926. It demanded of Oren the return of the automobile on January 8, 1926, and made a similar demand on the defendant Foote on March 31, 1926. The automobile was not returned to the plaintiff.

The various allegations in the bill, all of which are denied by the answer, to the effect that the District Court did not have jurisdiction to order the automobile forfeited, so far as they relate to questions of fact must be taken to have been found against the plaintiff by the findings actually made, especially when considered in the light of the plaintiff's requests. Since the evidence is not reported, these must be accepted as final.

So far as questions of law are involved in those allegations and requests for rulings, there was no error. It is provided that spirituous or intoxicating liquor kept or exposed for sale contrary to law, "the casks or other vessels in which it is contained, and all implements of sale and furniture used or

kept and provided to be used in the illegal keeping or sale of such liquor," may be seized and after notice declared forfeited by a court of competent jurisdiction.   G. L. c. 138, §§ 61–75, both inclusive.   It is plain that facts may exist which would bring an automobile within the description of a container of spirituous or intoxicating liquor or an implement of sale.   The present case does not require a detailed discussion of this point because no evidence is in the record. All that is necessary to the present adjudication is a determination that circumstances may be shown which rightly might lead a court to that conclusion.   It was so held in *Commonwealth* v. *Intoxicating Liquors*, 253 Mass. 581, 584, 586, and in *Commonwealth* v. *Intoxicating Liquors*, *ante*, 85, this day decided.   Those decisions are here affirmed.   See also *Commonwealth* v. *Adams*, 160 Mass. 310, and *Commonwealth* v. *Intoxicating Liquors*, 150 Mass. 164.   A finding of fact of that nature, in the absence of a report of the evidence, cannot be pronounced impossible or beyond the jurisdiction of a court.

Proceedings for the forfeiture of an automobile, because of its connection with the illegal sale or keeping for sale of intoxicating liquor under the statutes already cited, are *in rem*.   The principle of the statute is that the container of the intoxicating liquor or the implements of sale used or kept to be used in connection with the illegal sale or keeping for sale of such liquor, themselves constitute a subject liable to offend against the public welfare notwithstanding the innocence of the owner.   The things themselves are primarily treated as the offender.   The intent of the person in actual control may in some circumstances be enough to determine the guilt of the articles against which the complaint for forfeiture is pending.   *Commonwealth* v. *Intoxicating Liquors*, 163 Mass. 42.   *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 396.   *Allen* v. *Staples*, 6 Gray, 491. *Commonwealth* v. *Intoxicating Liquors*, 115 Mass. 142. *Commonwealth* v. *Intoxicating Liquors*, 218 Mass. 602, 605.

It is the essence of a proceeding *in rem* that it "may be instituted and carried to judgment without personal service upon claimants within the State or notice by name to those

outside of it, and not encounter any provision of either Constitution [United States or this Commonwealth]. Jurisdiction is secured by the power of the court over the *res.*" Holmes, C.J., in *Tyler* v. *Judges of Court of Registration,* 175 Mass. 71, 75.

It follows that the circumstances that the plaintiff was the owner and had personally committed no wrong, and did not know of the forfeiture proceedings, do not entitle the plaintiff to prevail. See *Commonwealth* v. *Mixer,* 207 Mass. 141, 142, 143.

The constitutionality of statutes, providing for the forfeiture of chattels or property declared by the Legislature in the exercise of the police power to be a nuisance and inimical to the public welfare, is too well settled to be open to question. *Chase* v. *Proprietors of Revere House,* 232 Mass. 88, where many cases are collected. *Commonwealth* v. *Dzewiacin,* 252 Mass. 126. *Goldsmith-Grant Co.* v. *United States,* 254 U. S. 505. It has not been found that the automobile did not come rightfully into the possession of Freedman.

It was not open to the plaintiff to question by parol evidence in a collateral attack any of the facts established by the record of the judgment of forfeiture of the District Court. *Commonwealth* v. *O'Brien,* 152 Mass. 495. *Commonwealth* v. *Duggan,* 257 Mass. 465.

It has not been argued that notice was not given as required by G. L. c. 138, § 66, nor that such notice did not satisfy every requirement.

The provisions of the statutes of this Commonwealth with reference to forfeiture of vehicles connected with the illegal keeping or dealing with intoxicating liquor are different from those enacted by Congress touching the same subject. But they are not repugnant to each other, and under the Eighteenth Amendment to the Constitution of the United States the State law may stand as valid and be enforceable. *Commonwealth* v. *Nickerson,* 236 Mass. 281, 295, 296. *Hebert* v. *Louisiana,* 272 U. S. 312.

It follows that, so far as concerns the statutes and Constitution of this Commonwealth, the proceedings of which

complaint here is made have been in conformity to the law and violate no right of the plaintiff.

Every question raised by the plaintiff under the Constitution of the United States seems to us to be resolved against its contentions by the decision in *Van Oster* v. *Kansas,* 272 U. S. 465.

*Decree affirmed with costs.*