COMMONWEALTH *vs.* CERTAIN MOTOR VEHICLE, INDUSTRIAL FINANCE COMPANY, claimant.

Suffolk.    October 19, 1927. — January 4, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Intoxicating Liquor*, Transportation, Forfeiture of container, Motor vehicle as container. *Constitutional Law*, Due process of law. *Motor Vehicle. Sale*, Conditional.

A motor vehicle, delivered by a vendor under the provisions of a contract of conditional sale to one who in violation of the contract registered it in the name of a third person as owner, was seized by a police officer under the provisions of G. L. c. 138, § 75, as amended by St. 1923, c. 435, when it was being driven by the third person for the transportation of intoxicating liquor intended for sale unlawfully. The vendor had assigned the contract. At the time of the seizure, the vendee had defaulted in his payments, and under the provisions of the contract his right to possession of the vehicle had terminated and he was under duty at once to deliver it to the vendor, and demand therefor had been

made upon him. A further provision of the contract prohibited its use "in illegal manufacture, sale, barter, storage or transportation of intoxicating liquor." Neither the vendor nor his assignee had had knowledge or reason to believe that the car would be used for any purpose in violation of the law. The vendor's assignee contested the forfeiture proceedings. *Held,* that

(1) To deprive the claimant of the vehicle in the circumstances would not constitute taking of property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States;

(2) An order of forfeiture was proper;

(3) *Whether* the right to enforce forfeiture would exist where the property was stolen from the owner was not decided.

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District on January 25, 1927, charging that on that day the complainant found Nathaniel Stearns "in the act of illegally transporting intoxicating liquor, he the said Stearns, not having then and there any license, authority or appointment according to law to transport said liquor," and arrested him without a warrant, and seized "about twenty-five gallons of alcohol, in five cans and also a certain motor vehicle . . . implements of sale actually used in transporting said liquors contrary to law, which said intoxicating liquors, said vessels containing said intoxicating liquors, and said motor vehicle were then and there in the possession of said Stearns . . . the said motor vehicle and vessels were then and there actually used in transporting, selling and keeping said intoxicating liquors for sale contrary to law." The complainant further alleged that the liquors, vessels containing them, and the motor vehicle were "common nuisances" and prayed that they "be seized, declared to be forfeited, and that such other action be had in the premises as may be legal, necessary and proper."

The Industrial Finance Company claimed the motor vehicle.

On appeal to the Superior Court, the case was tried before *Fosdick*, J., upon an agreed statement of facts. Material facts and rulings by the judge are stated in the opinion. The judge reported the case to this court for determination.

G. L. c. 138, § 75, as amended by St. 1923, c. 435, is as follows:

"A mayor, alderman, selectman, deputy sheriff, chief of police, deputy chief of police, city marshal, deputy or assistant marshal, police officer or constable, in his city or town, or, in the county of Dukes or Nantucket, the sheriff anywhere within his county, may without a warrant arrest any person whom he finds in the act of illegally selling, transporting, distributing or delivering intoxicating liquor, and seize the liquor, vessels and implements of sale in the possession of such person, and detain them until warrants can be procured against such person, and for the seizure of said liquor, vessels and implements, under this chapter. Such officers shall enforce or cause to be enforced the penalties provided by law against every person who is guilty of a violation of any law relative to the sale of intoxicating liquor of which they can obtain reasonable proof."

*B. Sanderson,* (*F. Keezer* with him,) for the claimant.

*F. M. J. Sheenan,* Assistant District Attorney, for the Commonwealth.

WAIT, J. This is a proceeding for the forfeiture of a motor vehicle seized as a vessel containing intoxicating liquor or an implement "of sale actually used in transporting" certain intoxicating liquors "contrary to law." The claimant appealed from a judgment of condemnation to the Superior Court, where the judge, after a hearing upon agreed facts, refused to rule that to deprive the claimant of the vehicle would constitute taking of property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States, and that no order of forfeiture should be made, and an order of restoration should be made. The judge reported the questions of law raised by the rulings for the determination of this court. G. L. c. 231, § 111.

The agreed facts show that one Stearns was arrested without warrant on January 24, 1927, while driving the vehicle in question in which, in five separate cans, were about twenty-five gallons of alcohol. The liquor and the car were seized on January 25, and Stearns was charged with illegal transportation of and keeping for sale intoxicating liquor contrary to law. Due notice was given to show cause why

the liquor and vessels containing it should not be forfeited. The claimant duly appeared and showed cause, but the court found that the liquors and vessels containing them were transported and kept for sale by Stearns in violation of our laws and adjudged that the liquors, the vessels containing them and the implements and furniture seized be forfeited.

The car was purchased under a contract of conditional sale from the Stilphen Motor Company by one Moran on January 11, 1927. Title was to remain in the seller until certain notes were paid. Custody was to be in the buyer, but with right of the seller to take immediate possession in the event of the failure of the buyer to comply with certain conditions, and a duty of the buyer to return the car and yield up possession on demand of the seller or its assigns. The contract and notes were properly assigned to The National Shawmut Bank of Boston and thence to the claimant on January 11, 1927. Neither the Stilphen Motor Company, the bank, nor the claimant had knowledge or reason to believe that the car would be used for any purpose in violation of the law. The contract contained a provision by which the purchaser agreed for himself, his agents, employees and assigns, not to use the car in illegal manufacture, sale, barter, storage or transportation of intoxicating liquor, or contrary to customs laws; and that upon any violation of the provision "his right of possession shall terminate at once." In violation of the contract, Moran registered the car on January 11, in the name of Stearns as owner. The claimant learned of this breach of the contract on January 19. It immediately demanded that the car be turned over and sent out a searcher to find and repossess it; but, before he could find it and while the search was in progress, the car was seized. The cans containing the liquor were not attached to or in any way "part of said automobile." Moran was in default. The claimant was entitled to immediate possession against Moran and Stearns. There was no privity of contract and no consent between Stearns and the claimant. Stearns was in wrongful possession at the moment of seizure, and at that moment the intoxicating liquors "were then and there trans-

ported and kept for sale contrary to law and the said motor vehicle and vessels containing the said intoxicating liquors actually used in transporting, selling and keeping said intoxicating liquors contrary to law."

The case thus presents the question referred to in *E. J. Fitzwilliam Co. Inc.* v. *Commonwealth*, 258 Mass. 103, 107, and expressly left undecided in *Goldsmith-Grant Co.* v. *United States*, 254 U. S. 505, 512; *United States* v. *One Ford Coupe Automobile*, 272 U. S. 321, 333; *Van Oster* v. *Kansas*, 272 U. S. 465, 467, "whether the police power of the State extends to the confiscation of the property of innocent persons appropriated and used by the law breaker without the owner's consent."

The proceeding is primarily a process *in rem* to procure the condemnation and forfeiture of property illegally used. It is criminal in its nature, and, where the person so using the *res* is the owner or rightfully possesses it, the forfeiture is in the nature of a punishment. *Commonwealth* v. *Intoxicating Liquors*, 13 Allen, 561. If it were only a punishment, no argument is needed to show that it should not be imposed upon one who is innocent of guilt. But it is more than a punishment and different. The forfeiture is a method deemed by the Legislature necessary to restrain the commission of an offence and to aid in its prevention. For this reason courts have upheld the condemnation and forfeiture of property used for illegal purposes although the user was acting without authority from the true owner, without right, contrary to the wishes of that owner, and while the latter was ignorant of the use. A classical illustration is furnished in the condemnation of a vessel used for piracy. *United States* v. *Brig Malek Adhel*, 2 How. 210.

We have held that intoxicating liquors kept for sale in this Commonwealth in violation of law could be forfeited, although so kept by a bailee in fraud of the owner who was innocent of the illegal intent of the bailee, *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 396; and that the same law applied to a motor vehicle used as a container or as an implement of sale of intoxicating liquors contrary to law although the owner was innocent of guilty intent and ignorant of the

use. *E. J. Fitzwilliam Co. Inc.* v. *Commonwealth, supra.* See *Commonwealth* v. *Intoxicating Liquors*, 253 Mass. 581. We have held that a building, if used for certain illegal purposes and thereby rendered a nuisance, under a statute, could be taken from its owners for a time without compensation, although the owners were ignorant of the use. *Chase* v. *Proprietors of Revere House*, 232 Mass. 88. In case of certain criminal offences created by statute, we have held innocence of intent to be no defence. *Commonwealth* v. *Mixer*, 207 Mass. 141, with the cases there cited. The harshness of the law is justified by the apparent necessity of combating injury to the public welfare.

In all the cases of forfeiture of the *res* for the fault of the one in immediate control and against an owner without wrongful intent which have been called to our attention or which we have found, there has been at some time an entrusting of the property by the owner to another. The owner, by his own act, has, at least for the moment, taken knowingly a claim against the one to whom control was given in place of the thing itself. He is left with that claim when, through illegal action of the one in control, the return of the thing is prevented. It may be that the claim is of little or no value, but it is a contractual right at one time recognized by him as an adequate equivalent for the thing, or for the risk of losing it. There is no gross injustice in leaving him to this remedy if public welfare will be served by the forfeiture of the thing. Accordingly, the law does not go beyond constitutional power in depriving an owner of property which he has himself previously entrusted to the control of another because of the fault of that other or of any successive person in control before the owner has regained actual possession, although that owner is ignorant of the use made of his property, is opposed to such use, in no way has consented to it, at the moment of the illegal use is entitled, as against the offender, to the return of the property and is seeking to regain actual possession.

We do not pass upon the further question, which is not presented upon the facts of this case, whether the right to enforce forfeiture extends to property, the actual control of

which the true owner has never intentionally relinquished to another, that is, to property taken from him by a thief.·

The considerations stated at length in the cases heretofore cited, and in similar cases dealing with forfeiture for illegal transactions with reference to drugs, to obscene literature, to property declared to be a nuisance, and to tax and customs laws, see *Dobbins's Distillery* v. *United States*, 96 U. S. 395, need not here be repeated. They justify and require the decision here reached. *Commonwealth* v. *Gaming Implements*, 155 Mass. 165.

In the opinion of a majority of the court the rulings made were correct. The case is remanded to the Superior Court for further proceedings consistent herewith.

*So ordered.*