Strafford,
June 27, 1929.

STATE *v.* NASH RUNABOUT,
FELLSWAY MOTOR MART, INC., *Claimant.*

*Burt R. Cooper,* solicitor, for the state.

*Hughes & Burns* and *Goldman & Mathews* (of Massachusetts), for the claimant.

SNOW, J. P. L., *c.* 144, *s.* 40 provides for the seizure of automobiles engaged in the illegal transportation of intoxicating liquors and for the forfeiture thereof on proceedings in accordance with the provisions of P. L., *c.* 372. The rights of innocent holders of liens thereon are not excepted from the purview of the statute. Such a holder takes "the chance as to what one in lawful possession of the car might do with it" (*State* v. *Buick Coach,* 83 N. H. 288, 289), but his rights are unaffected by the conduct of one who, as against him, never had any rightful possession thereof. The test to determine the state's right to forfeiture of such lienholder's interest, as developed in the cases which have hitherto arisen, is apparently to inquire whether he has intrusted the property to the wrongdoer, or to one through whom the wrongdoer has acquired rightful possession as against such lienor. *Van Oster* v. *Kansas,* 272 U. S. 465, 466; *Commonwealth* v. *Certain Motor Vehicle,* 261 Mass. 504, 507, 509; *White Auto Co.* v. *Collins,* 136 Ark. 81, 83; *Sandlovich* v. *Hawes,* 113 Neb. 374; *United States* v. *Mincey,* 254 Fed. Rep. 287, 288; *United States* v. *One Saxon Automobile,* 257 Fed. Rep. 251, 252; *United States* v. *One Ford Coupé Automobile,* 21 Fed. Rep. (2d) 639, 640; *State* v. *Morris,* 124 Kan. 143, 148; *Buchholz* v. *Commonwealth,* 127 Va. 794, 797; *Pennington* v. *Commonwealth,* 127 Va. 803, 806. See *Dobbins Distillery* v. *United States,* 96 U. S. 395, 401, 404. But it is unnecessary for us to determine whether the rule here in force goes to such extreme limits.

By an express provision of the contract Smith was given the use and possession of the car for himself and his "legal representatives" during the term of the contract upon his agreement to neither sell nor relet it without notice to the conditional vendor. There are no facts from which it can be found that Swett was the agent or servant of the vendee Smith. On the contrary the registration in Swett's name imports a change in title. This natural inference is not overcome by Smith's payment of the April instalment. Such payment was as consistent with his transfer of title and continued obligation on the notes, or with the sale of his equity upon terms which called

for payments through him, as it was with his continued ownership. Any inference of the vendor's acquiescence in the transfer to Swett which might be drawn from the latter's possession of the car is met by the agreed fact that the registration in his name was without the vendor's consent or knowledge. It cannot be found on the record as it stands that the offense was committed by one intrusted by the vendor with the possession and use of the offending vehicle. The only fair inference that can be drawn from the agreed facts is that, as against this claimant, the automobile was never in the rightful possession of Swett. The order therefore must be

*Exceptions sustained.*

All concurred.