HUGH M. ALCORN, STATE'S ATTORNEY, *vs.* ALEXANDER J. ALEXANDROVICZ ET AL.

First Judicial District, Hartford, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 7th—decided March 3d, 1931.

*Donald Gaffney,* Assistant State's Attorney, with whom, on the brief, was *Harold E. Mitchell,* for the plaintiff.

*Arthur B. Weiss,* with whom, on the brief, were *Bernard B. Saltman,* and *Duane R. Dills* and *Berthold Mueke, Jr.,* of New York, for the defendant.

BANKS, J. Michael K. Krugelis purchased an automobile of a dealer under a conditional bill of sale by the terms of which the title remained in the seller until the full purchase price was paid. The dealer assigned its interest in the car as conditional vendor to the Commercial Credit Corporation. Alexandrovicz

took the car with the knowledge and consent of Krugelis, but without his knowledge that it would be used to transport liquor, and without the knowledge and consent of the Commercial Credit Corporation, and used it in the illegal transportation of intoxicating liquors, for which offense he was arrested and convicted and the car seized by the prosecuting authorities. The State's Attorney gave notice to Krugelis and the Commercial Credit Corporation that he would proceed under the statute to dispose of the car as a vehicle used with intent to violate the law. The Commercial Credit Corporation opposed the sale on the ground that the illegal use of the car was without its knowledge or consent. The facts are stipulated and we are asked to decide whether upon such a state of facts the court should order the sale of the car.

This application is brought under the provisions of Chapter 211 of the Public Acts of 1929 (now §§ 2719 to 2723, Revision of 1930), which deal with the disposition to be made of intoxicating liquors and of property used in connection with their sale or transportation, which have been seized in a prosecution for violation of the laws relating to such liquors. It provides that the prosecuting authority shall make application to the court having jurisdiction for an order for the disposition of the property, that reasonable notice of the pendency of the application shall be given to any person claiming an interest in such property, that if the court shall find that it belongs to him and has not been sold or used with intent to violate the law it shall order the property returned to the claimant, but if it shall find that it does not belong to the claimant, or that it has been sold or used with intent to violate the law, it shall order the property disposed of as therein provided. Sections 2722 and 2723, Revision of 1930,

the construction of which is herein involved, are set forth in the footnote.

The constitutionality of this statute was attacked in *Pickett, Pros. Atty.,* v. *Marcucci's Liquors,* 112 Conn. 169, 151 Atl. 526, and there upheld. The power of the

Sec. 2722. APPLICATION FOR ORDER FOR DISPOSITION OF SEIZED LIQUOR OR PROPERTY. In any such criminal proceeding in a court, other than the superior court or a court of common pleas, in which a conviction shall be had and from which no appeal shall be taken and in which any such liquor, container, implement, vehicle or other article or property shall have been seized or taken possession of by any officer, such court shall forthwith cause notice to be given to the prosecuting attorney of the criminal court of common pleas which shall have jurisdiction, if there be such court within the county, and, if there be no such court, to the state's attorney of the county, which notice shall include a description of any such liquor, container, implement, vehicle, article or property, and such prosecuting attorney or state's attorney, as the case may be, shall make application to such court of common pleas or superior court as shall have jurisdiction for an order for the disposition of such liquor, container, implement, vehicle, article or property, upon which application such court shall proceed as hereinbefore provided.

Sec. 2723. RIGHTS OF CLAIMANT IN INTEREST. Any person claiming any interest in any such liquor, container, implement, vehicle, article or property shall be given reasonable notice of the pendency of any such application, and any person in any proceeding herein provided for may enter his appearance and claim ownership of any such liquor or any such property described and be heard by such superior court or court of common pleas upon such claim, which claim such court shall determine. If such court shall find any of such liquor, or such container, implement, vehicle, article or property shall belong to such claimant and shall not have been sold, used, owned, transported or kept with intent to sell, use or transport in violation of any law, it shall order such liquor, container, implement, vehicle, article or property returned to such claimant and costs shall be taxed as in the case of a person acquitted upon a criminal charge. If such court shall find any such liquor, container, implement, vehicle, article or property shall not belong to such claimant or shall have been sold, used, owned or transported or kept with intent to be sold, used or transported in violation of any law, it shall order such liquor, container, implement, vehicle, article or property to be disposed of as hereinbefore provided and costs shall be taxed against such claimant as in a criminal case in which an accused shall have been convicted.

State to condemn an instrumentality used in the violation of its laws is not questioned, but it is contended that the purpose of this statute is to impose an additional penalty upon the person found guilty of a violation of law, and that the legislature did not intend to provide for an absolute forfeiture of the property of an innocent owner. Many jurisdictions have enacted legislation providing for the forfeiture of instrumentalities used in the commission of crime. These statutes fall into two general classifications. Many of them expressly provide, either that an innocent owner or lienor shall not forfeit his interest in his property which is used in violation of law, or that the State must show that it was being so used with his knowledge and consent. Of this type is the National Prohibition Act, § 26 of Title II of which provides that "all liens" on said property shall be paid if they are "bona fide and . . . created without the lienor having any notice that the carrying vehicle was being used or was to be used for the illegal transportation of liquor." 41 U. S. Stat. at Large, p. 316. Statutes of the second type provide for the forfeiture of the property without any express provision for the protection of the rights of an innocent owner or lienor. Our own statute is of this type. It does not expressly exempt from forfeiture property which is being used in violation of law without the knowledge or consent of its owner. In unequivocal terms it provides for the forfeiture of any vehicle or other article which has been used or kept with intent to be used in violation of law. If any exception is to be made in favor of an innocent owner and lienor it must be read into the statute. This cannot justifiably be done unless such construction is required in order to effectuate the apparent purpose and intention of the legislature. In endeavoring to ascertain the legislative intent the nature of the procedure adopted becomes of

some importance. If, as contended by the claimant, the sole purpose of the statute is to inflict, in a criminal proceeding, an additional penalty upon a person found guilty of violation of law, one would hesitate to impute to the legislature an intent to penalize one who was not guilty of such violation. But such is not the character of this action. The criminal proceeding was that which resulted in the conviction of Alexandrovicz, the driver of the car. This statute is not a criminal statute, but provides for a civil action *in rem* for the condemnation and forfeiture of the car which was used in violation of the law. *Pickett, Pros. Atty.,* v. *Marcucci's Liquors, supra.* In such an action the guilt or innocence of the owner of the vehicle is not in issue. The only issue is whether the vehicle was used in violation of law. This follows from the nature of the action which is one against the *res,* an action *in rem.* If the vehicle has not been used in violation of the law it is not subject to forfeiture and the statute provides for its restoration to its rightful owner upon proof of that fact. If it has been used in violation of the law or with intent to violate the law it is subject to forfeiture, and no question arises as to ownership or the rights of its owner. The effective enforcement of the law may require legislation making property used for illegal purposes subject to forfeiture. When the statute provides for such forfeiture in unequivocal language, making no exceptions in favor of the claims of innocent owners or lienors, it must be assumed that the legislature deemed that such enactment was necessary effectively to curb violation of the law, and we cannot impute to it an intent to make the statute less drastic and effective by adopting a strained construction of the language used, and reading into it an exception which does not there appear. The forfeiture is the owner's misfortune much as if the property had been destroyed,

and he is remitted to his remedy against the person to whom he entrusted the property.

As already noted, the statutes of many States provide for the forfeiture of property used in the commission of crime. Numerous cases in which these statutes have been construed with respect to the rights of those claiming ownership or a lien upon such property will be found collected in 47 A. L. R. 1055, and 61 A. L. R. 551. The varying provisions of the different statutes have naturally been reflected in diverging decisions in the cases in which they have been construed. In the rather numerous cases where the statute expressly protects the rights of an innocent owner or lienor, the question here presented does not arise. In others the language of the statute is such that an intent to preserve such rights is apparent. In a few jurisdictions, where the statute does not directly or by necessary implication protect the rights of the owner, the courts have treated the forfeiture as a penalty for the crime in the commission of which the property was used, and held that a construction of the statute penalizing an innocent owner or lienor would bring it in conflict with the due process clause of the Federal Constitution. That such is not the nature of the proceeding we have already held (*Pickett, Pros. Atty.,* v. *Marcucci's Liquors, supra*), and the Supreme Court of the United States has upheld the constitutionality of such a statute when attacked on these grounds. *Van Oster* v. *Kansas,* 272 U. S. 465, 47 Sup. Ct. 133. In States having statutes similar to our own, courts recognizing the true character of the proceeding as a civil action *in rem* have held that the forfeiture of the article follows upon a finding of its illicit use regardless of whether such use was with or without the knowledge of its owner or lienor. *Fitzwilliam Co., Inc.* v. *Commonwealth,* 258 Mass. 103, 154 N. E. 570; *Commonwealth*

v. *Certain Motor Vehicle,* 261 Mass. 504, 159 N. E. 613; *White Auto Co.* v. *Collins,* 136 Ark. 81, 206 S. W. 784; *State* v. *Brown (Van Oster),* 119 Kan. 874, 241 Pac. 112, affirmed 272 U. S. 465, 47 Sup. Ct. 133; *Lindsley* v. *Werner,* 86 Colo. 545, 283 Pac. 534; *Sandlovich* v. *Hawes,* 113 Neb. 374, 203 N. W. 541; *State* v. *Nash Runabout* (N. H.) 146 Atl. 860; *Findlay* v. *Associates Investment Co.,* 115 Ohio St. 235, 152 N. E. 903; *State* v. *One Studebaker Automobile,* 50 S. D. 408, 210 N. W. 194; *Pennington* v. *Commonwealth,* 127 Va. 803, 102 S. E. 758. The facts in each of the Massachusetts cases cited were strikingly similar to those in the case at bar, the claimant being a conditional vendor or his assignee, and the vehicle being seized in the possession, not of the conditional vendee, but of a third person who was using it to transport liquor in violation of the law.

The Federal Revenue Act (U. S. Rev. Stats., § 3450) provides for the forfeiture of property illicitly used, and the United States Supreme Court has uniformly held that the remedy created by the statute is one of a civil nature *in rem,* quite independent of the conviction of the wrongdoer, and is to be enforced regardless of the knowledge of the owner of the property as to the use to which it has been put. *Dobbins's Distillery* v. *United States,* 96 U. S. 395; *Goldsmith, Jr.-Grant Co.* v. *United States,* 254 U. S. 505, 41 Sup. Ct. 189; *United States* v. *One Ford Coupe,* 272 U. S. 321, 47 Sup. Ct. 154.

The principle of the statute providing for the forfeiture in an action *in rem* is that the implements used "themselves constitute a subject liable to offend against the public welfare notwithstanding the innocence of the owner. The things themselves are primarily treated as the offender. The intent of the person in actual control may in some circumstances be enough

to determine the guilt of the article against which the complaint for forfeiture is pending." *Fitzwilliam Co., Inc.* v. *Commonwealth, supra,* p. 107. When forfeiture is deemed necessary to restrain the commission of an offense, the courts uphold it though the owner was ignorant of the illicit use. "Certain uses of property may be regarded as so undesirable that the owner surrenders his control at his peril." *Van Oster* v. *Kansas,* 272 U. S. 465, 467, 47 Sup. Ct. 133. By entrusting his property to another the owner has enabled the latter to use it in violation of the law, and he is remitted to his remedy against the wrongdoer if the public welfare will be served by the forfeiture of the property. "The owner, by his own act, has taken knowingly a claim against the one to whom control was given in place of the thing itself. He is left with that claim when, through illegal action of the one in control, the return of the thing is prevented. It may be that the claim is of little or no value, but it is a contractual right at one time recognized by him as an adequate equivalent for the thing, or for the risk of losing it." *Commonwealth* v. *Certain Motor Vehicle, supra,* p. 509. If the legislature had intended to exempt from forfeiture the property of an owner who was ignorant of its illicit use it could easily have done so, as in the case of the National Prohibition Act and similar enforcement statutes in other States. The statute provides for a hearing upon the claims of any person claiming ownership of the property seized, but the only questions to be determined upon such hearing are those of ownership and the character of the use of the property, and the provision for such hearing does not require the inference that the further question of the owner's knowledge of the use to which his property had been put was intended to be put in issue upon such hearing.

The Superior Court is advised that upon the facts

stipulated it should order the sale of the automobile, and that the claimant, the conditional vendor, has no interest in the proceeds of the sale.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.