## Commonwealth v. One 1935 Ford Sedan

*John P. Butt*, district attorney, for Commonwealth.
*Edgar K. Markley*, for respondent.

SHEELY, P. J., October 1, 1938.—This matter is before the court upon the application of the Pennsylvania Liquor Control Board for the forfeiture of one 1935 Ford sedan seized while in the possession of Clarence J. Crouse and being used by Crouse for the unlawful transportation of liquor. A hearing was held upon the application, at which hearing Clarence J. Crouse appeared in person and R. M. Hoffman & Co., Inc., appeared by counsel. An answer was filed by the Hoffman Company.

It was conceded that a quantity of illegal whisky and wine was in the vehicle at the time it was seized and that such whisky and wine had been transported in the vehicle. It was also proved that the vehicle in question had been leased by Stough Motors of New Oxford, Pa., to Clarence J. Crouse, and that all of the rights of Stough Motors in the vehicle and in the lease contract had been purchased by R. M. Hoffman & Co., Inc., on September 1, 1937. On January 19, 1938, the date of the seizure, there was a balance due the Hoffman Company of $314.08, the original lease price being $480. At the time of the seizure, Crouse was not in default in his payment of rentals. It was also conceded that R. M. Hoffman & Co., Inc., had no knowledge of the unlawful use of said vehicle or of the intention of Crouse to use it unlawfully.

This situation comes within the provisions of section 611 of the Pennsylvania Liquor Control Act of November 29, 1933 (special session), P. L. 15, as reënacted and amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744-611, which provides that no property rights shall exist in any liquor illegally possessed or in any vehicle used in the illegal transportation of liquor, and that the same shall be deemed contraband and shall be forfeited to the Commonwealth. Subsection 5 provides that at the time of hearing, if the Commonwealth shall prove that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show: (1) That he is the owner of said property; (2) that he lawfully acquired the same; and (3) that it was not unlawfully used or possessed.

In the present situation we have no difficulty in determining that R. M. Hoffman & Co., Inc., claimant, has proved that it is the owner of the vehicle and that it was lawfully acquired. It frankly admitted that the vehicle was unlawfully used. The question presented for determination, therefore, is whether a vehicle which is unlawfully used by one to whom the owner has entrusted its

custody, but without the knowledge or consent of the owner to such unlawful use, can be forfeited by the Commonwealth.

Under the amendment of July 18, 1935, P. L. 1246, to the Pennsylvania Liquor Control Act, it was provided that upon the condemnation and sale of a vehicle unlawfully used the proceeds should be paid to the county treasurer, but if the vehicle was held under a bailment lease, or was subject to the lien of a chattel mortgage, or to a contract of conditional sale, and the person holding the legal title thereto should prove that the unlawful use was without his knowledge and consent, the claim of such holder of a bailment lease, chattel mortgage, or conditional sales contract should be paid out of the funds derived from the sale after the payment of the costs. It will be noted that this provision was expressly repealed by the Act of 1937 and that the latter makes no provision whatever for the protection of the holder of a bailment lease, chattel mortgage, or conditional sales contract. The intention of the legislature in enacting the 1937 statute, to provide for the forfeiture and condemnation of a vehicle used for the unlawful transportation of liquor, regardless of the ownership thereof, and without consideration of the knowledge of such unlawful use by the holder of the bailment lease, chattel mortgage, or conditional sales contract, is therefore clear.

A forfeiture of this type does not deprive an owner of his property without due process of law. Exactly the same situation now before us was passed upon by the Supreme Court of the United States in Goldsmith, Jr.—Grant Co. v. United States, 254 U. S. 505 (1920), under the provisions of section 3450 of the Revised Statutes of the United States. The court there followed Dobbins' Distillery v. United States, 96 U. S. 395, and held that the vehicle itself is primarily considered the offender and not the owner of the vehicle. The guilt or innocence of the owner under this view becomes immaterial.

The same situation was presented in Commonwealth v. Certain Motor Vehicle, etc., 261 Mass. 504, 159 N. E. 613, 61 A. L. R. 548 (1928). It was there held that an innocent owner of an automobile who entrusts its custody to another is not unconstitutionally deprived of his property without due process of law by the forfeiture of the car for illegal use in the transportation of intoxicating liquor since he has a remedy against the bailee for his illegal use of his property. The same conclusion was reached in Van Oster v. Kansas, 272 U. S. 465, 467, 47 A. L. R. 1044 (1926), in which the Supreme Court of the United States held that, "It is not unknown or indeed uncommon for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has entrusted it", and then points out that it has long been settled that statutory forfeiture of property entrusted by the innocent owner or lienor to another who uses it in violation of the revenue laws of the United States is not a violation of the due process clause of the Constitution.

The same result was reached by the appellate courts of Pennsylvania under the Act of March 27, 1923, P. L. 34, which provided for the forfeiture of vehicles used in the transportation of intoxicating liquor under the Prohibition Acts, but which protected the holder of a bailment lease or contract. This statute did not protect an innocent holder of a conditional sales contract. See Commonwealth v. One Nash Roadster, 91 Pa. Superior Ct. 600 (1927), and Commonwealth v. One Studebaker Light Six Coupé, 86 Pa. Superior Ct. 532.

We, therefore, conclude that by the Act of 1937, the legislature intended to provide for the forfeiture of any vehicle used for the unlawful transportation of intoxicating liquor without regard to the ownership of such vehicle or the guilt of the owner of the vehicle. The question of the right of forfeiture if the vehicle were illegally used by one who had stolen the vehicle is not involved.

458

And now, October 1, 1938, it is ordered and decreed that the 1935 Ford sedan, manufacturer's number, 181621113, engine number, 181621113, seized in the possession of Clarence J. Crouse be and the same is hereby declared forfeited to the Commonwealth of Pennsylvania, and it is ordered that said vehicle be delivered to the Pennsylvania Liquor Control Board for its use or for sale or disposition by the board in its discretion. The costs of this proceeding to be paid by defendant.