GENERAL MOTORS ACCEPTANCE CORPORATION, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, EMILIO S. BELAVAL, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. 1800.  Argued January 20, 1950.—Decided March 6, 1950.

*Córdova & González* and *Hernán Franco* for petitioner.  *Vicente Géigel Polanco, Attorney General (José C. Aponte, Acting Attorney General,* on the brief).  *A. Torres Braschi* and *José A. Arabía, Assistant Attorneys General,* for intervener.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The General Motors Acceptance Corp. filed in the District Court of San Juan the affidavit mentioned in § 6 of Act No. 61 of April 13, 1916 (Sess. Laws, p. 123) as amended by Act No. 40 of June 27, 1925 (Sess. Laws, p. 246). It alleged therein that on November 17, 1948 Caribe Motors Corp. conveyed to Arturo Coll Carpintero, under a conditional sale, a Buick automobile and that it was a condition of said contract that title to the vehicle would remain in the vendor until full payment thereof; that said contract was assigned and conveyed to him on the same day of its execution; that Coll Carpintero did not pay the January, February, and March, 1949 instalments, and that pursuant to the terms of the contract, default of a due instalment would constitute a breach of contract and each and everyone of the instalments pending would automatically be considered due. It finally requested the repossession of the vehicle.

A hearing was held in which the petitioner presented evidence and at which the respondent Coll Carpintero did not appear, whereupon the matter of repossession was submitted to the consideration of the court. Shortly thereafter the People of Puerto Rico asked leave, in writing, to intervene in the case on the ground that the vehicle had been seized transporting material and implements utilized in connection with the prohibited games of *bolita*, or *bolipool* and that it was in possession of The People of Puerto Rico as evidence, its forfeiture being pending. Notwithstanding the objection of General Motors Acceptance Corp., the lower court allowed the intervention and decided to deny the repossession requested. In order to review this decision we issued a writ of certiorari.

General Motors Acceptance Corp. contends now that the lower court erred in deciding that the motor vehicle in question had been forfeited and that it was not empowered to return said property; in considering that petitioner's request for repossession was one for the return of the forfeited prop-

erty; in deciding that any request for the return of forfeited property should be made within the proper criminal action and in denying the request for repossession of said personal property.

Section 5 of Act No. 220 of May 15, 1948 (Sess. Laws, p. 738, 742), insofar as pertinent provides that:

"*All* devices, *vehicles or other means of transportation.* coin or other tools and implements used for and *utilized in connection with the prohibited games of bolita, bolipul,* clandestine combinations connected with the pools or *bancas* of the racetracks of Puerto Rico and clandestine lotteries *which may have been seized in connection with said games, shall be forfeit to the People of Puerto Rico, and shall be sold by order of the proper court or tribunal, through the marshal thereof, in public sale and to the highest bidder.*"    (Italics ours.)

As we stated in *General Motors Acceptance* v. *Brañuela,* 61 P.R.R. 701, 705, ". . . the confiscation proceeding is directed against the vehicle itself and not against its owner and . . . therefore the rights that upon said vehicle could be had by innocent third parties are not protected, except in those cases in which it is proved that the possession of the vehicle has been obtained by the violator without the express or implied consent of the owner or of third innocent parties, as happens when the vehicle has been stolen."    See also *Martínez* v. *Buscaglia, Treas.,* 69 P.R.R. 406, 408; *Van Oster* v. *Kansas,* 272 U. S. 465; *United States* v. *Mincey,* 254 Fed. 287; *Commonwealth* v. *Certain Motor Vehicle,* 261 Mass. 504, 159 N.E. 613, 61 A.L.R. 548, 550; 34 Harvard Law Rev. 200; 7 Cornell Law Quarterly 269; 72 Univ. of Penna. Law Rev. 181; 2 Wharton's Criminal Law, § 1801, pp. 2120 *et seq.,* 47 A.L.R. 1055, 1063; 23 Am. Jur., §§ 7 and 8, pp. 603–605; 8 Blashfield, Cyclopedia of Automobile Law and Practice, §§ 5691 and 5711, pp. 372, 409, respectively.

In forfeiture proceedings notice to the owner of the vehicle and an opportunity to be heard are essential. *Windsor* v. *McVeigh,* 93 U. S. 274, 279; *Paulsen* v. *City of Portland,*

149 U. S. 30; *State* v. *Rose*, (Del., 1926) 132 A. 864. Herein, § 5 of Act No. 220 *supra*, does not specify in detail the procedure to be followed for the forfeiture nor whether any person should be notified or given an opportunity to be heard. The most important requisite in the statute is that it must be shown that the vehicle was utilized in connection with the prohibited games of *bolita* or *bolipool*. However, in order to attain this, notification and the opportunity to be heard are always enjoyed by the parties under our law, inasmuch as in harmony with the provisions of § 107 of the Code of Criminal Procedure "The prosecuting attorney shall prosecute . . . all cases for . . . forfeitures accruing to The People of Puerto Rico within his district." In such forfeiture proceedings the person in possession of a vehicle at the time of the seizure as well as any others who may have an interest therein must necessarily be notified and heard. Section 5 of Act No. 220 and § 107, *supra*, being *in pari materia* must undoubtedly be construed jointly. Section 18 of the Civil Code, 1930 ed.[1] By virtue of the intervention requested by The People in the repossession proceeding, petitioner herein is already aware that the vehicle sold under a conditional sale by its assignor Caribe Motors Corp. has been seized by The People and is subject to a forfeiture proceedings. When after the termination of the criminal action the district attorney, pursuant to § 107, *supra*, brings proceedings for the forfeiture of the vehicle, the petitioner, shall, as an interested party, have the opportunity to be heard in connection with any alleged right whatsoever thereon.

As we said in *General Motors Acceptance* v. *Brañuela*, *supra*, ". . . when in a statute, . . . there is no provision for notification to the interested parties, said statute will not be declared unconstitutional for this reason, if from its con-

---

[1] Section 18 of the Civil Code, 1930 ed., provides:

"Laws which refer to the same matter, or whose object is the same, shall be interpreted with reference to each other, in order that what is clear in one may be employed for the purpose of explaining what is doubtful in another."

text the requisite of notification could be easily inferred." Furthermore, it is a well-known principle of law to hold that if by a reasonable construction the Act provides for notice and an opportunity to be heard by implication, it will not be declared unconstitutional. *Paulsen* v. *City of Portland, supra; Hunt Drainage Dist.* v. *Schwerer* (Ill. 1938), 16 N.E. 2d 737, 738.

■ Being aware, by virtue of the intervention of The People, that the vehicle object of the request for repossession was in *custodia legis* because it had been seized in a criminal action, the district court acted correctly in refusing to decree its repossession.

The writ issued should be discharged.

---

ON MOTION FOR RECONSIDERATION
March 29, 1950.

MR. JUSTICE MARRERO delivered the opinion of the Court:

The repossession of an automobile sold under a conditional sale was requested by General Motors Acceptance Corp., in

its capacity as assignee in the contract, whereupon the lower court denied that request on the ground that the vehicle had been previously seized by The People of Puerto Rico in a criminal action against the conditional purchaser, Arturo Coll Carpintero, for a violation of the *Bolita* Act. In deciding the writ of certiorari we issued to review the order entered by the lower court, we stated that in a forfeiture proceeding, which is one *in rem*, it is essential that the person in possession of the thing at the time of the seizure, as well as the owner thereof, be always notified and heard; that although § 5 of Act No. 220 of 1948 does not specify the procedure to be followed for the forfeiture of the devices, vehicles, coins, tools or implements seized and utilized in connection with the prohibited games of *bolita* or *boli-pool*, the parties always have the opportunity of being heard; that pursuant to the provisions of § 107 of the Code of Criminal Procedure the prosecuting attorney is the officer authorized by law to bring such proceedings in the name of The People of Puerto Rico; that since that Section, as well as § 5 of Act No. 220, are *in pari materia*, they should be construed jointly; that when, after the termination of the criminal action, the prosecuting attorney pursuant to said Section brings proceedings for the forfeiture of the vehicle, the petitioner, as an interested party, would have the opportunity to be heard in connection with any alleged rights whatsoever thereon; and that petitioner herein being aware, by virtue of the intervention of The People, that the automobile object of the request for repossession was in *custodia legis*, the district court had acted correctly in refusing to decree its repossession. *General Motors Acceptance Corp.* v. *District Court, ante*, p. 898.

The petitioner asks us now to reconsider our judgment. It contends that the forfeitures mentioned in § 107, *supra*, refer exclusively to bail forfeitures in criminal actions; that § 107 fixes no procedure at all and that this procedure may be found either in the Code of Civil Procedure or in the Rules, and, furthermore, it asks us the following questions: What

should be alleged in forfeiture proceedings? In which court are they filed, against whom, how are they notified, when do you have to answer or plead and when should the prosecuting attorney bring the proceedings?

■ The petitioner is mistaken in its averment that § 107, *supra*, refers exclusively to bail forfeitures and not to forfeitures like the one involved here. Although our judgment of March 6 of this year and the opinion on which it was grounded are correct and, consequently, the reconsideration sought should be denied, we think it is convenient, for a better orientation, to answer the foregoing questions, to wit:

■■ Forfeiture proceedings should be brought by the prosecuting attorney in the name of The People of Puerto Rico against the person in possession of the thing at the moment of its seizure. Notice will be served on that person as defendant, as well as on any other who might hold an interest on the thing seized, as for example, the conditional seller or his assignee.[1] The usual summons or notices will be issued and the time within which to answer will be that fixed by law for ordinary actions, but should the court deem it desirable in all fairness to a particular case, it may extend the period or, if necessary, shorten it. Proceedings will commence as soon as the criminal action closes in the court taking original cognizance thereof, without waiting for the final outcome of the appeal that might be taken, and will be filed in a competent court by reason of the amount involved, in accordance with the reasonable value fixed in this respect to the thing. Since this is an action with regard to personal property, it prescribes after the lapse of six years, pursuant to the provisions of § 1862 of the Civil Code, 1930 ed.

After hearing the parties, judgment will be entered as soon as possible decreeing the sale at public auction by the marshall of the thing seized to the highest bidder, or the

---

[1] The prosecuting attorney can easily ascertain whether the personal property seized was involved in a conditional sales contract still in force and whether it has been assigned.

delivery of the thing to the defendant or to the third claimant, whichever action is deemed proper in accordance with the evidence.

On the other hand, there is nothing to prevent the parties, during the forfeiture proceedings or during the appeal taken from the judgment rendered thereunder, from stipulating that the thing involved therein be sold by the marshal at public auction and that the proceeds thereof be retained in *custodia legis* until the judgment is final and unappealable.

In view of the foregoing, the motion for reconsideration should be denied.